**Lynn T. BAKER, Petitioner,**

v.

**Richard HANSEN, Respondent.**

**No. C–3411.**

Supreme Court of Texas.

Oct. 24, 1984.

Rehearing Denied Nov. 28, 1984.

James L. McNees, Jr., Dallas, for petitioner.

Carrington, Coleman, Sloman & Blumenthal, Luke Madole, Dallas, for respondent.

## PER CURIAM.

This case involves a landlord-tenant dispute. The tenant, Lynn Baker, sued her former landlord, Richard Hansen, seeking damages under several theories of recovery. Hansen answered and counterclaimed for damages for holdover rents, costs of repair and other relief. The trial court dismissed Baker's claims for affirmative relief reciting in its order that Baker had failed to comply with the court's ruling for costs. TEX.R.CIV.P. 143. Thereafter, Baker filed a motion for new trial which was overruled. Baker next filed an affidavit of indigency claiming she was unable to give security for costs of trial or appeal. Hansen and the district clerk contested Baker's affidavit. Following a hearing, the trial court overruled the contests. The or-

der recited that Baker "should not be required to give security for the costs of appeal." This order was signed thirty-four days after the court had overruled Baker's motion for new trial.

Baker appealed arguing that the trial court, after overruling the contests to her affidavit of indigency, should have reinstated her claims for affirmative relief. In an unpublished per curiam opinion, the court of appeals affirmed the order of dismissal. The court of appeals concluded the trial court had lost its authority to modify or amend its order of dismissal by the time it ruled on Baker's affidavit of indigency because the period of plenary jurisdiction had passed. TEX.R.CIV.P. 329b(e). We disagree.

The court of appeals has erred in assuming jurisdiction of the present appeal because the order dismissing Baker's claims for affirmative relief is not a final judgment. A final judgment is one disposing of all issues and parties in the case. *Schlipf v. Exxon,* 644 S.W.2d 453 (Tex. 1982). The present order of dismissal does not dispose of all issues because there remains for trial those issues raised in Hansen's counterclaim. The order of dismissal is therefore interlocutory and cannot provide the basis for appeal. *Steeple Oil & Gas Corp. v. Amend,* 394 S.W.2d 789 (Tex. 1965); *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.,* 159 Tex. 550, 324 S.W.2d 200 (1959). This court has jurisdiction to reverse the judgment of the court of appeals when it erroneously assumes jurisdiction. *McCauley v. Consolidated Underwriters,* 157 Tex. 475, 304 S.W.2d 265 (1957).

Pursuant to TEX.R.CIV.P. 483, we grant the application for writ of error, and without hearing oral argument, reverse the judgment of the court of appeals and dismiss the appeal.