**DURACON, INC., Ramada Hotel Operating Company and Ramada, Inc., Appellants,**

**v.**

**Larry R. PRICE, Appellee.**

**No. 08–91–00075–CV.**

Court of Appeals of Texas, El Paso.

Oct. 2, 1991.

Rehearing Overruled Nov. 6, 1991.

Barbara A. Bauernfeind, Michael McKinney, Stubbeman, McRae, Sealy, Laughlin & Browder, Inc., Midland, for appellants.

Michael W. Hartley, Waxahachie, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from a summary judgment awarding damages to the owner of a leasehold interest as a result of the failure of the assignees of the lessee to make monthly lease payments and pay tax on the leased real estate. The Appellants contend that under the terms of the lease and an assignment, they are not personally liable for any breach of the lease agreement. We reverse and remand.

### Facts

On July 17, 1958, D.W. Price, father of the Appellee, entered into a written lease with Robell Hotels, Inc., a corporation to be organized to lease an undeveloped tract of land in Odessa, Texas for a period of ninety-nine years. Lessee agreed to pay $2,500.00 for the first year's rent and $416.67 per month thereafter for ninety-eight years. The lessee covenanted and agreed to pay and discharge before delinquency all real property taxes and other taxes and assessments. To enable the lessee to finance any improvements to be erected on the leased premises, the lessor agreed to execute any mortgage or deed of trust which was to be secured by these premises and the improvements thereon.

The lease provided that it was subject to assignment subject to the following provisions:

A. Lessor was to receive notice of any assignment;

B. Each assignee would take subject to the provisions of the lease; and

C. No assignment would release lessee or its successors from any obligations which they were bound to perform under the lease.

The lease also contains a paragraph that the terms, covenants and conditions of the lease shall bind the successors and assigns of the parties to the lease.

The last numbered paragraph of the lease is as follows:

25. *PERSONAL LIABILITY*

No personal liability is assumed under this Lease by Lessee or Assignee, except as may be otherwise agreed between the parties in writing.

The lease is signed by D.W. Price as lessor and by Michael Robinson and Marion Isbell as organizer lessees for Robell Hotels, Inc. There is no evidence of any

agreement in writing by any assignee to assume personal liability.

On December 16, 1958, this lease was assigned by Robell Hotels, Inc. to Ramada Inn Odessa Co., a partnership consisting of Marion Isbell and Michael Robinson. On May 5, 1959, the partnership assigned the lease to Ramada Inn of Odessa, Ltd., a limited partnership. That assignment provides that assignee shall not be personally liable for the payments of any of the obligations or undertakings to be performed by lessee under the terms of the lease and that assignee's personal liability is limited to the physical assets belonging to the assignee situated on the demised property. It is alleged that subsequent assignments were made to each of the parties who are the Appellants in this case. Those Appellants do not assert that there has not been a default as alleged, but they contend that under the lease and assignment to the limited partnership, there is no personal liability for which a judgment can be rendered against them.

A motel was built on the leased premises and operated as a Ramada Inn for many years. But when the price of oil dropped drastically, it, like many other businesses in Odessa, closed. The pleadings allege that rent has not been paid since May 1, 1989, and that taxes in the amount of $57,886.31 remain unpaid, plus other expenses incurred to protect the property which has been vacant for an extended period of time. Judgment was entered for the sum of $64,616.53 plus attorney's fees.

### Points of Error

The Appellants contend, in their first three points of error, that the court erred, as a matter of law, in granting summary judgment against them because of the personal liability provision in the lease agreement. They assert, in their next eleven points of error, that there are issues of material fact which prevent the granting of a summary judgment. Under the last six points of error, it is argued that there is insufficient evidence to prove each element of the alleged cause of action.

### Interpretation

In the interpretation of contracts, the primary concern of courts is to ascertain and to give effect to the intentions of the parties as expressed in the instrument. *Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co.*, 136 Tex. 333, 150 S.W.2d 1003 (1941). This requires the court to examine and consider the entire instrument and reach a decision so that none of the provisions will be rendered meaningless. *Southland Royalty Company v. Pan American Petroleum Corporation*, 378 S.W.2d 50 (Tex.1964).

One rule of interpretation is that all parts of the contract are to be taken together and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intent of the parties. *Universal C.I.T. Credit Corp. v. Daniel*, 150 Tex. 513, 243 S.W.2d 154 (1951). A contract is to be construed in accordance with its plain language. *General American Indemnity Company v. Pepper*, 161 Tex. 263, 339 S.W.2d 660 (1960). Also, it is presumed that the parties intended every clause to have some effect. *Woods v. Sims*, 154 Tex. 59, 273 S.W.2d 617 (1954).

### Application of Rules

In order to give application to all terms of this lease agreement, we conclude that it was the intention of the parties that as long as the lessee or any assignee desire to occupy and use the leasehold estate, that the lessee or assignee was obligated to pay the monthly rental and taxes as provided for in the lease agreement. In the event of any default, no personal judgment could be taken against the lessee or assignee, but the lessor could repossess the premises including any improvements placed thereon. The lease was originally executed with the belief that the premises would be used for a motel. A motel was in fact built on the site in Ector County. The lease provided that any lien on the premises would not exceed 60 percent of the appraised value, thus providing some protection to the lessor in the event of a default.

A somewhat similar clause was before the Court in *R & P Enterprises v. LaGuar-*

*ta, Gavrel & Kirk, Inc.,* 596 S.W.2d 517 (Tex.1980). In that case, the pertinent paragraph provided that the maker of a promissory note would have personal liability for payment during the first two years of the note, after which time, there was to be no personal liability for any balance owing on the note. The Court held that the note was unambiguous and that where a default occurred within the two-year period, the maker was personally liable for a deficiency.

A reasonable conclusion from that holding is that liability occurring after the two-year period could not be enforced with personal liability. The only difference between that case and the one now before the Court is that in our case, the "no personal liability" clause was in force from the date the lease was executed and not two years later. We conclude that the judgment of the trial court rendered paragraph 25 of the lease agreement meaningless. We sustain Points of Error Nos. One, Two and Three. All other points are moot.

The summary judgment is reversed and the case is remanded to the trial court.