Frank W. CASS and Cass Oil Company, Inc., Appellants,

v.

Patricia Love STEPHENS, Individually and as Trustee of the Walter H. Stephens Trust, the SSH Trust, the Sutton Elizabeth Stephens Irrevocable Trust and the Heather Love Stephens Irrevocable Trust, and Gruy Petroleum Management Company, Appellees.

No. 08–90–00289–CV.

Court of Appeals of Texas, El Paso.

Jan. 15, 1992.
Rehearing Overruled Jan. 23, 1992.

Tom Thomas, Kolodey & Thomas, Dallas, William W. Kilgarlin, Popp & Ikard, Austin, for appellants.

George H. Nelson, Lubbock, Robb Stewart, Stewart & Salzberger, Dallas, Richard Bonner, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, John A. 'Jad' Davis, Kemp, Smith, Duncan & Hammond, Midland, for appellees.

Before FULLER, WOODARD and KOEHLER, JJ.

## CORRECTED OPINION

KOEHLER, Justice.

The opinion issued on November 27, 1991 is withdrawn and the following is substituted.

In a suit by Appellees for declaratory relief, an accounting, fraud and conversion, and to interplead expense money claimed by Appellants, the trial court imposed on Appellants for alleged discovery abuses sanctions, including a substantial sum for attorneys' fees and costs and the so-called "death penalty" striking all of Appellants' answers and counterclaims. On motion of Appellees, the court severed the struck counterclaims and the monetary sanctions from Appellees' causes of action and the remainder of the sanctions. Appellants bring this appeal challenging the severance and the validity of the sanctions. We hold that the severance was improper and dismiss the appeal for want of jurisdiction.

This suit was commenced in November 1986 by Appellees, Patricia Love Stephens, individually and as trustee of several trusts (Stephens), against Frank W. Cass, individually and d/b/a Cass Oil Company, Michael L. Cass, William G. Cass and Cass Oil Company, Inc. (referred to collectively as Cass). In the petition, Appellees are seeking primarily an accounting of the proceeds and expenses stemming from the operation by Cass of certain oil and gas leases, a declaration of ownership of a couple of wells, damages, both actual and exemplary, for conversion and fraud, the interpleading of operating expenses billed to Stephens by Cass, injunctive relief, and attorneys' fees.

Cass' answer included a counterclaim for Appellees' share of the operating expenses and attorneys' fees.

In July 1987, Stephens filed her first discovery request, seeking production of numerous documents. Over the ensuing months, a number of discovery hearings were held by the court and several orders were entered to compel discovery. Over the period from the actual commencement of discovery until May 1988, Cass produced and Stephens copied approximately 200,000 documents. In January 1988, Stephens filed a motion to compel further production and prevent destruction of documents. Also in January, Cass amended their answer asserting new and additional counterclaims against Stephens and against Gruy Petroleum Management Company (Gruy), which was impleaded as a third-party defendant. Damages were sought against Stephens and against Gruy, employed by Stephens to conduct an audit of certain wells in which Stephens had an interest, for negligently or intentionally conducting an improper audit and publishing a false report. The audit had been performed prior to the filing and formed the basis of Stephens' lawsuit against Cass.

In May 1988, a hearing was held on various motions for protective orders. At that hearing, it was revealed for the first time that Stephens, through her investigators, had been conducting since early 1986 a systematic pickup of Cass' discarded trash at their place of business in Dallas. The "trash cover" testimony indicated that Cass had discarded certain potentially discoverable documents both before and after the filing of the suit and the commencement of Stephens' discovery.

As a result of that revelation, Stephens and Gruy filed joint motions for sanctions. Stretched over some thirteen months, the trial court heard several weeks of testimony from more than eighty witnesses on the motions for sanctions. After allowing the parties to submit briefs and present oral argument, the court signed an order on April 30, 1990. The order imposed sanctions on Cass for abusing the discovery

process, failing to comply with discovery requests, and violating the court's discovery orders as follows: (1) struck each of the Cass' answers in their entirety; (2) deemed Cass Oil Company, Inc. to be the *alter ego* of Frank W. Cass; (3) dismissed all of the Cass' counterclaims with prejudice; (4) struck with prejudice all of the Cass' claims for relief against all Stephens' parties and Gruy; (5) awarded Stephens and Gruy a default judgment as to liability against each of the Cass parties; (6) awarded Stephens $1,223,115.12 as reasonable expenses and attorney's fees incurred as a result of Cass' abuse of discovery; (7) awarded Gruy $76,000.00 as reasonable expenses and attorney's fees for Cass' abuse of discovery; (8) apportioned the attorney's fees and expenses between the Cass parties (William G. Cass and Michael L. Cass each to pay 10 percent and Frank W. Cass to pay 80 percent), one-half of such fees and expenses to be paid in sixty days and the remaining one-half to be paid in ninety days from the date of the order; (9) stayed further proceedings in the lawsuit pending payment of the fees and expenses as ordered; and (10) ordered the Cass parties to obey and executed the sanction order.

Upon motion by Stephens and Gruy for severance, the court on July 31, 1990 ordered Cass' causes of action for affirmative relief (sworn account against Stephens and defamation against Stephens and Gruy), which had been dismissed and stricken with prejudice, severed from the lawsuit and further ordered that "the monetary sanctions ... imposed against Defendants [Cass] shall attach to the severed cause and shall be enforceable by Plaintiffs [Stephens] and Third–Party Defendant [Gruy] in the severed cause the same as though such sanctions had been originally ordered in the severed cause." It is from this order that Frank W. Cass and Cass Oil Company, Inc. bring this appeal, asserting in seven points of error that the trial court erred and abused its discretion in various respects by its sanctions order and by its order severing parts of the lawsuit and parts of the sanctions from the main suit.

We will first address whether the severance was proper under the Texas Rules of Civil Procedure and case law. If it was not, then the sanctions order was interlocutory and non-appealable. In that case, this Court would be without jurisdiction and dismissal of the appeal would be the appropriate disposition. *Baker v. Hansen,* 679 S.W.2d 480 (Tex.1984). On the other hand, if the severance was proper, we must next determine whether the sanctions imposed represent an abuse of the trial court's discretion.

■ Trial courts possess broad discretion in severing and proceeding separately with "[a]ny claim against a party." Tex. R.Civ.P. 41. The decision to grant a severance will not be disturbed unless the trial court has abused its discretion. *Guaranty Federal Savings Bank v. Horseshoe Operating Company,* 793 S.W.2d 652 (Tex. 1990). The severance of a claim is proper if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Id.* at 658. The principle reasons for granting a severance "are to do justice, avoid prejudice and further convenience." *Id.* at 658.

■ The first two criteria are readily satisfied since the controversy between Stephens and Cass involve a number of causes of action, any one of which could have been independently asserted. It is the third requirement for a proper severance that is not so easily satisfied. The counterclaim asserted by Cass against Stephens was a compulsory claim under Tex. R.Civ.P. 97 since it arose out of the same transaction or occurrence that is the subject matter of Stephens' claims against Cass and did not require for adjudication the presence of a third party. *Mathis v. Bill De La Garza & Associates,* 778 S.W.2d 105, 106 (Tex.App.—Texarkana 1989, no writ). Although the severance of a compulsory counterclaim ordinarily constitutes an abuse of discretion and is reversible error, *Id.* at 106, that would not be true if the order disposing of the counter-

claim amounted to a final judgment. Was the sanctions order provision in this case dismissing the counterclaims with prejudice a final judgment for purposes of appeal? That provision standing alone could arguably be the equivalent of a final judgment since it effectively disposed of all issues and all parties involved in the counterclaims. *Felderhoff v. Knauf,* 819 S.W.2d 110 (Tex.1991); *North East Independent School District v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). However, the provision in question was but part of a comprehensive scheme to punish the Cass parties for their abuse of the discovery process. Moreover, the court in its severance order "attached" only the monetary sanctions to the severed counterclaims. All of the sanction provisions result from the same alleged abuse of discovery but the monetary sanctions in particular are directly related to the amount of time and expense the Stephens' attorneys had invested in the discovery process in order to support her causes of action. The sanctions imposed are so intertwined with each other and with the claims retained in the main suit as to involve the same facts and issues. Under such circumstances, we hold that a severance of part of the sanctions, including in this case the order dismissing Cass' counterclaims, from the remaining sanctions and from the remaining claims was an abuse of discretion. In the absence of a valid severance, there is no final judgment before us. Discovery sanctions are not appealable until the trial court renders a final judgment. *Felderhoff,* 819 S.W.2d 110; *Bodnow Corporation v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986); Tex. R.Civ.P. 215(3). Cass' Point of Error No. Six is sustained.

Since this Court lacks jurisdiction to consider the other points of error, it is necessary for us to dismiss the appeal. However, we have in connection with the order imposing sanctions, reviewed extensively the statements of facts and transcripts of the record leading up to that order. We make no decision at this time on Points of Error Nos. One through Five and Seven raising the propriety of the sanctions imposed, but we do strongly suggest that the trial court review all of the sanctions in the light of *Transamerican Natural Gas Corporation v. Powell,* 811 S.W.2d 913 (Tex. 1991) and *Braden v. Downey,* 811 S.W.2d 922 (Tex.1991) before proceeding further with the case.

The appeal is dismissed for want of jurisdiction.