Terry L. STROUD, Appellant,

v.

VBFSB HOLDING CORPORATION, First Federal Savings Bank, Hugo E. Pimienta, Wilson Fletcher, and Kevin A. Garcia, Appellees.

No. 04–94–00434–CV.

Court of Appeals of Texas, San Antonio.

May 3, 1995.

J. Vince Hightower, Law Office of J. Vince Hightower, San Antonio, for appellant.

Cathy J. Sheehan, Harry S. Bates, Plunkett, Gibson & Allen, Inc., San Antonio, Timothy McCloskey, Rhonda R. Chandler, Bonham, Carrington & Floyd, P.C., Houston, Daniel A. Bass, Sam C. Bashara, Law Offices of Sam C. Bashara, P.C., San Antonio, for appellees.

Before CHAPA, C.J., and HARDBERGER and DUNCAN, JJ.

## OPINION

CHAPA, Chief Justice.

## DISMISSED FOR LACK OF JURISDICTION

Appellant Terry L. Stroud appeals a summary judgment granted in favor of appellees First Federal Savings Bank (FFSB), VBFSB Holding Corporation (VBFSB), Kevin A. Garcia, Hugo E. Pimienta, and Wilson Fletcher.

The dispositive issue is whether the trial court committed reversible error in granting a severance of appellees FFSB's and Kevin Garcia's counterclaims brought under Rule 13 of the Texas Rules of Civil Procedure. See TEX.R.CIV.P. 13 [1]; TEX.R.APP.P. 90.

Appellant brought suit against appellees, jointly and severally, for wrongful termination, civil conspiracy, intentional infliction of emotional distress, slander, and intentional interference with appellant's contractual employment agreement with appellee FFSB. All appellees filed answers, and appellees FFSB, VBFSB, Pimienta, and Garcia filed counterclaims for Rule 13 sanctions, based on identical allegations that the suit was groundless and brought in bad faith or groundless and brought for the purposes of harassment.[2] All appellees filed motions for summary judgments. Interlocutory summary judgments were granted on February 22, 1994, to appellees FFSB, VBFSB, Pimienta, and Fletcher. The trial court held a hearing on VBFSB's and Pimienta's Rule 13 motions on March 29, 1994, and denied them in an order signed April 12, 1994. The interlocutory summary judgments and the denial of the Rule 13 counterclaims of appellees VBFSB and Pimienta were all incorporated in the final judgment of April 6, 1994, which also granted summary judgment to appellee Kevin Garcia. The judgment failed to dispose of the two Rule 13 counterclaims of FFSB and Garcia, however, and instead severed them into a separate cause of action. The severance was granted over the objections of appellant.

It is evident from the final judgment before this court that the trial court did not purport to dispose of all claims, but instead relied on the severance to make the judgment final and appealable. Therefore, if the severance was improper under the Texas Rules of Civil Procedure and case law, this judgment is "interlocutory and non-appealable [and] this Court would be without jurisdiction and dismissal of the appeal would be the appropriate disposition." Cass v. Stephens, 823 S.W.2d 731, 733 (Tex.App.—El

---

1. Rule 13 provides in pertinent part:
   Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215–2b, upon the person who signed it, a represented party, or both.
   TEX.R.CIV.P. 13.

2. Although only the Rule 13 claims of Garcia and VBFSB appear in the record, we accept as true appellant's contention that all four claims are identical. TEX.R.APP.P. 74(f).

Paso 1992, no writ) (citing *Baker v. Hansen,* 679 S.W.2d 480 (Tex.1984).

■ We note at the outset that a claim for Rule 13 sanctions fits within the definition of a compulsory counterclaim.

A counterclaim is compulsory if: (1) it is within the jurisdiction of the court; (2) it is not at the time of filing the answer the subject of a pending action; (3) the action is mature and owned by the pleader at the time of filing the answer; (4) it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; (5) it is against an opposing party in the same capacity; and (6) it does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

*Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 247 (Tex.1988). Rule 97 of the Texas Rules of Civil Procedure makes it mandatory that any counterclaim arising under the above criteria be raised during the initial trial involving the same transaction or occurrence. TEX.R.CIV.P. 97; *see Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 630 (Tex. 1992). Therefore, "[a]lthough the trial court has broad discretion in ordering severances, the severance of a compulsory counterclaim which arises out of the same contract or issue that is the subject of the suit, constitutes an abuse of discretion and is reversible error." *Mathis v. Bill De La Garza & Assocs.,* 778 S.W.2d 105, 106 (Tex.App.—Texarkana 1989, no writ) (citing *Ryland Group, Inc. v. White,* 723 S.W.2d 160 (Tex.App.—Houston [1st Dist.] 1986, no writ); *see Bohart v. First Nat'l Bank,* 536 S.W.2d 234, 236 (Tex.Civ. App.—Eastland 1976, writ ref'd n.r.e.). "The trial court should not sever the plaintiff's claim from the defendant's compulsory counterclaim, or a cross-claim between defendants, arising out of and turning on the same facts." 3 *McDonald, Texas Civil Practice* § 17.25 (1992); *Bohart,* 536 S.W.2d at 236. A compulsory counterclaim and a claim involving "identical facts, issues, and subject matter, are so interwoven a severance would occasion unnecessary litigation and a multiplicity of suits." *Id.* Because a compulsory counterclaim argument was not raised in this appeal, Rule 97 is not dispositive of the issue

before us. Nonetheless, the analysis is instructive, and the severance was improper for the following reasons.

In *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652 (Tex.1990), the court elaborated on Rule 41 of the Texas Rules of Civil Procedure:

Rule 41 of the Texas Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." This rule grants the trial court broad discretion in the matter of severance and consolidation of causes. *McGuire v. Commercial Union Ins. Co.,* 431 S.W.2d 347 (Tex.1968). The trial court's decision to grant a severance will not be reversed unless it has abused its discretion. *Saxer v. Nash Phillips–Copus Co. Real Estate,* 678 S.W.2d 736 (Tex. App.—Tyler 1984, writ ref'd n.r.e.). A claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Id.; Weaver v. Jock,* 717 S.W.2d 654 (Tex.App.—Waco 1986, writ ref'd n.r.e.). The controlling reasons for a severance are to do justice, avoid prejudice and further convenience. *St. Paul Ins. Co. v. McPeak,* 641 S.W.2d 284 (Tex.App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

*Guaranty Fed. Sav.,* 793 S.W.2d at 658. "Severance is proper, however, only where the suit involves two or more separate and distinct causes of action" and results in reversal if the "order of severance fragments the case instead of splitting it along a proper line of cleavage." *Kansas Univ. Endowment Ass'n v. King,* 162 Tex. 599, 350 S.W.2d 11, 19 (1961). "Each of [the severed] causes must be such that it could be properly tried and determined as if it were the only claim in controversy[;] ... [t]he severed causes of action should not be so interwoven as to require the introduction of evidence on the same facts and issues[;] ... [and] severance should not be used merely as a device to save a party from failure to prepare properly for

trial or to present adequate evidence." *Coalition of Cities for Affordable Util. Rates v. Public Util. Comm'n,* 798 S.W.2d 560, 564 (Tex.1990), *cert. denied sub nom. Gulf States Util. Co. v. Coalition of Cities for Affordable Util. Rates,* 499 U.S. 983, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991).

"[I]n determining whether Rule 13 has been violated, a trial court must examine the facts available to the litigant and the circumstances existing at the time the pleading is filed." *Home Owners Funding Corp. v. Scheppler,* 815 S.W.2d 884, 889 (Tex.App.— Corpus Christi 1991, no writ). In the instant case, the two severed Rule 13 claims fail to meet the third criterion set out by the Texas Supreme Court in *Guaranty Federal Savings* in that the claims are completely interwoven with the remaining causes of action because they involve the same facts and issues. *Guaranty Fed. Sav.,* 793 S.W.2d at 658. The severed Rule 13 counterclaims were those filed by FFSB and Garcia. The "remaining causes of action" consisted of the appellant's original cause of action against all appellees, along with the two other Rule 13 counterclaims filed by appellees VBFSB and Pimienta. The two severed Rule 13 counterclaims of appellees FFSB and Garcia require the trial court to "examine the facts available to the litigant and the circumstances existing at the time the pleading is filed." *Home Owners Funding Corp.,* 815 S.W.2d at 889. Examining the facts available to the litigants and the circumstances existing at the time the pleadings were filed as to the two severed Rule 13 counterclaims would necessarily require the court to review the same facts and circumstances involved not only in the appellant's original cause of action, but also in the other two Rule 13 counterclaims.

■ Moreover, the controlling reasons for a severance are to do justice, avoid prejudice, and further convenience. *Guaranty Fed. Sav.,* 793 S.W.2d at 658. We fail to see how, under these circumstances, severing the two counterclaims would accomplish the foregoing goals. If the trial court was justified in severing two of the four Rule 13 counterclaims, it would have been justified in severing all four Rule 13 counterclaims into four separate trials, although each would involve an identical review. This piecemeal approach would certainly not do justice, avoid prejudice, or further convenience to a party who would be required to prosecute its own cause of action and then defend four times over the same identical claim involving the same identical circumstances and facts. Simply because here the party is required to defend only two, rather than four, Rule 13 counterclaims does not make the situation more just, nor does it avoid prejudice or further convenience, especially when the record reflects that the trial court found sufficient justification for denying two of the four identical Rule 13 counterclaims. The severance was improper, and the trial court abused its discretion.

Appellees rely on *McAllister v. Samuels,* 857 S.W.2d 768 (Tex.App.—Houston [14th Dist.] 1993, no writ), as authority for sustaining the severance. However, *McAllister* is distinguishable from the case before this court. In *McAllister,* the trial court severed the issue of attorneys' fees, which were claimed by both a declaratory judgment counterclaim and a Rule 13 counterclaim. Because the court failed to consider the consequences of the compulsory counterclaim requirements, we must assume that the argument was never raised in *McAllister,* as is also true of the case before us. Nonetheless, in addressing the severed attorneys' fees counterclaim, the *McAllister* court failed to address adequately the three criteria of a permissible severance outlined in *Guaranty Federal Savings* by neglecting to explain how the three-pronged test was met by the severed claims. *See Guaranty Fed. Sav.,* 793 S.W.2d at 658. Instead, the court based its decision on the authority that a Rule 13 action was a "claim for affirmative relief" and stated that it did not "find it unreasonable for the trial court to have desired to deal with all attorneys' fees issues together." *McAllister,* 857 S.W.2d at 779. Clearly, this is an entirely different situation from the one before this court, which requires a different result.

■ Since this judgment does not purport to dispose of all the causes of action, but instead depends on the improper severance to make it a final and appealable judgment, it

is thus rendered interlocutory and nonappealable by the improper severance. *See Cass,* 823 S.W.2d at 733. This court is left without jurisdiction in the matter, and the only appropriate disposition is to dismiss the appeal. *Id.*[3]

The appeal is dismissed for lack of jurisdiction.

DUNCAN, Justice, dissenting.

I respectfully dissent from the majority's judgment dismissing this appeal for want of jurisdiction. Even if the severance were improper, it would not deprive this court of jurisdiction over Stroud's appeal; it would merely establish error. In my view, however, the severance was within the considerable ambit of the trial judge's discretion in severance matters and Stroud has, in any event, waived error on his first point of error. I would therefore address Stroud's remaining points of error.

### JURISDICTION

The majority holds that, "if the severance was improper under the Texas Rules of Civil Procedure and case law, this judgment is 'interlocutory and non-appealable [and] this Court would be without jurisdiction and dismissal of the appeal would be the appropriate disposition.'" Opinion at 2, (quoting *Cass v. Stephens,* 823 S.W.2d 731, 733 (Tex.App.—El Paso 1992, no writ) (citing *Baker v. Hansen,* 679 S.W.2d 480 (Tex.1984) (per curiam)). I recognize that *Cass* states precisely the rule adopted by the majority. However, in my view, *Cass* was wrongly decided on this point. Certainly *Baker* does not stand for this prop-osition, since it involved an attempted appeal from a judgment that was not final because there had been no severance.

In this case, the trial court severed the sanctions claims from Stroud's remaining causes of action and thereby rendered the interlocutory summary judgments final, appealable judgments. If the severance were improper, it would be trial court error. But that is all it would be. Error in granting the severance does not divest this court of jurisdiction over Stroud's appeal. *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 78–79 (1959); *Schieffer v. Patterson,* 433 S.W.2d 418, 419 (Tex.1968) (per curiam); *Rutherford v. Whataburger, Inc.* 601 S.W.2d 441, 443 (Tex.App.—Dallas 1980, writ ref'd n.r.e.). Accordingly, if the severance constitutes reversible error, we should reverse and remand, not dismiss for want of jurisdiction.[1]

### WAIVER

"In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make...." TEX.R.APP.P. 52(a). In addition, the complaining party must bring forward a record sufficient to show reversible error. TEX. R.APP.P. 50(d). Since an improper severance neither divests this court of jurisdiction nor constitutes fundamental error, Stroud was required to preserve his right to complain of the severance by bringing forward a record showing a specific objection, which the trial court overruled. *Cf. Pierce,* 329 S.W.2d at 78 (rule against splitting cause of action "is for

---

**3.** Although we recognize the holding in *Mafrige v. Ross,* 866 S.W.2d 590 (Tex.1993), we are also mindful of a significant distinction between the judgment there and the judgment before this court. In *Mafrige,* the judgment purported to dispose of all causes of action and all issues, *id.* at 592, whereas the judgment before this court does not. The judgment in the instant case explicitly severs the two Rule 13 counterclaims, and thus does not purport to dispose of all causes of action and all issues in the case. However, the severance was improper.

**1.** The appellees have sought leave to file a verified letter brief, which argues, among other things, that the judgment is now final, regardless of the propriety of the severance, because they have dismissed the severed sanctions claims. The majority has denied this motion on the ground that the dismissal of the severed sanctions claims is not in the record on appeal. I agree that the dismissal of the severed sanctions claims is not in the record on appeal because the appellees have not sought or been granted leave to file a supplemental transcript containing the dismissal order. I disagree, however, that this requires that we deny the motion for leave to file the letter brief, which addresses several matters raised by the litigants and this court during oral argument and unrelated to the severed sanctions claims. Since the dismissal order is not in the record on appeal, we may simply ignore this aspect of the letter brief.

the benefit of and may be waived by the defendant"); *Rutherford*, 601 S.W.2d at 443 (noting that, because appellant did not attack propriety of severance on appeal, court would not address that question).

The record before us does not reveal that Stroud objected to the severance on any ground.[2] Nonetheless, Stroud asserts in his brief that the severance was granted over his objections, and the appellees have not disputed this assertion in their briefs. We therefore have discretion to accept Stroud's assertion as true. Tex.R.App.P. 74(f). I would decline to do so. It was Stroud's burden to bring forward a record showing reversible error, and he failed to even request such a record as to the severance. *Supra* n. 2. I would not employ Stroud's unverified assertion of an objection to establish a vital preservation fact any more than I would employ the appellees' verified assertion to establish the fact of dismissal. *Supra* n. 1. In my view, to employ Rule 74(f) in these circumstances would lead inexorably to vitiating the requirement that it is the appellant's burden to bring forward a record showing reversible error. I would hold that Stroud waived the error, if any, in granting the severance.

## SEVERANCE

Rule 41 provides that "[a]ny claim against a party may be severed and proceeded with separately." Tex.R.Civ.P. 41. Interpreting this provision, the supreme court has held that "[s]everance is proper ... only where the suit involves two or more separate and distinct causes of action," each of which "must be such that the same might properly be tried and determined as if it were the only claim in controversy." *Kansas Univ. Endowment Ass'n v. King*, 162 Tex. 599, 350 S.W.2d 11, 19 (1961). Additionally, the severed claim must not be "so interwoven with the remaining action that they involve the same facts and issues." *Guaranty Fed. Sav.*

*Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990).

The majority bases its opinion upon its holding that the sanctions claims are compulsory counterclaims and, therefore, not severable. In some cases, however, even a compulsory counterclaim may be severable. *See McGuire v. Commercial Union Ins. Co. of N.Y.*, 431 S.W.2d 347, 351 (Tex.1968) (severance of counterclaim proper, regardless of whether compulsory or not). Therefore, the issue before us is not whether a sanctions claim is a compulsory counterclaim, but whether the trial court erred in severing the sanctions claims from the summary judgments.

A trial court has broad discretion in severance matters, and its rulings will not be disturbed unless the complaining party demonstrates an abuse of discretion. *Guaranty Fed. Sav. Bank*, 793 S.W.2d at 658. One court of appeals has held that the trial court does not abuse its discretion if there is "any authority" that supports the trial judge's decision. *Varme v. Gordon*, 881 S.W.2d 877, 882 (Tex.App.—Houston [14th Dist.] 1994, no writ). Under this formulation of the abuse of discretion standard, the trial judge in this case clearly did not err. *See McAllister v. Samuels*, 857 S.W.2d 768, 779 (Tex.App.—Houston [14th Dist.] 1993, no writ) (severance of claims for attorney's fees under Rule 13 and the Declaratory Judgment Act "not unreasonable"). Even under the more traditional statement of the standard of review, however, a trial court does not abuse its discretion unless it acts arbitrarily, unreasonably, and without reference to guiding rules and principles. *Aluminum Co. of America v. Bullock*, 870 S.W.2d 2, 3 (Tex.1994).

The majority holds that the trial court abused its discretion—acted arbitrarily, unreasonably, and without reference to guiding rules and principles—because the severed Rule 13 claims "are completely interwoven with the remaining causes of action because

---

**2.** Before submission of this case, this court ruled that it was required to deny Stroud's request for an extension of time in which to file the statement of facts, because Stroud failed to reasonably explain his failure to timely request its preparation. The record before us thus consists only of the transcript. The transcript does not estab-

lish that Stroud objected to the severance on any ground in the trial court. Moreover, even had Stroud been permitted to filed his requested statement of facts, it would not reflect reversible error, because Stroud's request did not include the hearing on the motion for severance.

they involve the same facts and issues." On this point, I disagree. Limitations was the only common ground upon which the trial judge granted summary judgment to all of the defendants. Accordingly, at the trial court level and now on appeal, the only material facts and legal issues involved in Stroud's causes of action are when they accrued, when he filed suit, and whether his claims are barred by the applicable statute of limitations. The sanctions claims, on the other hand, involve an examination of "the facts available to [Stroud] and the circumstances existing at the time of filing." *Home Owners Funding Corp. v. Scheppler,* 815 S.W.2d 884, 889 (Tex.App.—Corpus Christi 1991, no writ).

The facts material to the sanctions claims may or may not involve the limitations facts and legal issues. But even if the limitations facts and legal issues are subsumed in the facts and legal issues material to the sanctions claims, it appears to me that the trial judge might reasonably have believed that she would be in a much better position to rule on the sanctions claims once this court lays out the law relevant to the appellees' limitations defenses and rules on the propriety of the summary judgments.

In short, in my view, the facts involved in the sanctions claims and Stroud's causes of action are not so interwoven as to deprive the court of discretion to sever them. The facts of this case are thus entirely distinguishable from those involved in *Cass,* in which the trial court split a single sanctions order into two cases. *See Cass,* 823 S.W.2d at 734 (severing award of almost $1.3 million in attorney's fees, as well as default judgments on defendants' counterclaims, from remainder of death penalty sanctions, which included default judgments on remaining claims).

For these reasons, I would overrule Stroud's first point of error and proceed to his remaining points.