## In re HOOVER, BAX & SLOVACEK, L.L.P., Relator.

### No. 08–99–00161–CV.

Court of Appeals of Texas, El Paso.

Oct. 7, 1999.

---

1. Texas Rule of Appellate Procedure 37.3(c) directs us to address those issues that do not need the reporter's record for decision. Implicit therein is the notion that we need not consider those issues that are dependent upon the presence of the document. In other words, when the reporter's record is missing and the issue before us depends upon matters within that record we may overrule or reject it.

Randall L. Rouse, Shafer, Davis, Joel B. Locke, Ashley, O'Leary & Stoker, Odessa, for relator.

Robert C. Grable, Kelly, Hart & Hallman, Fort Worth, Alan W. Harris, Andrews & Kurth, L.L.P., Dallas, Kevin B. Jackson, Law Offices of Jackson & Mason, Andrews, Alfred H. Ebert, Andrews & Kurth, Houston, Daniel J. Sheehan, Daniel Sheehan and Associates, LLP, Dallas, for respondents.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### *O P I N I O N*

SUSAN LARSEN, Justice.

This is an original proceeding in mandamus. We deny relief for the reasons stated below.[1]

### *FACTS*

Relator Hoover, Bax & Slovacek, L.L.P. ("HBS") originally represented John Walton in a lawsuit against Bass Enterprises Production Co., Perry R. Bass, Inc. f/k/a Sid W. Richardson, Inc., Sid R. Bass, Inc., Keystone, Inc., Goliad Partners, L.P., Alamo Partners, L.P. n/k/a Stonegate Part-

---

1. In addition to this petition for writ of mandamus, HBS also filed an appeal, cause number 08–99–00058–CV, on the same issue. Because we find that we have no jurisdiction over HBS's appeal and HBS's remedy is more appropriately in the nature of mandamus, we dismiss that appeal.

ners, L.P., Lee M. Bass, Inc., Thru Line, Inc., and Sid Richardson Carbon & Gasoline Company a/k/a Sid Richardson Gasoline Company (collectively "Bass"). Walton alleged multiple causes of action all based on environmental damage and improper payment of royalties. Walton fired HBS and eventually settled his claims against Bass with the aid of other counsel. Before the settlement, HBS intervened in the lawsuit requesting attorney's fees incurred during its representation of Walton. Bass filed a motion to sever HBS's claims from the suit, which the trial court granted along with Bass and Walton's agreed motion to dismiss their claims thus rendering judgment final in the original suit. After filing an unsuccessful motion for new trial, HBS filed this petition for writ of mandamus seeking to reverse the trial court's severance order.

### JURISDICTION

HBS filed a direct appeal from the severance order along with this petition for writ of mandamus. HBS did so because there exists an apparent split in authority among the courts of appeals as to whether an order severing a cause of action is subject to review by way of appeal. HBS points to *Nicor Exploration Co. v. Florida Gas Transmission Company*,[2] from the Corpus Christi court of appeals and this court's holding in *Cass v. Stephens*.[3] In *Nicor*, the Corpus Christi court found that it had jurisdiction to reverse an improper severance order.[4] *Nicor* specifically disagreed with this court's opinion in *Cass*,[5] which appears to hold that an appellate court can never address an invalid severance because an invalid severance leaves

no final appealable judgment thus always depriving the appellate court of jurisdiction.[6]

Upon close examination, we believe our intent in *Cass* has been misconstrued (understandably so, as we explain below). In *Cass*, the trial court found that Cass committed discovery abuses. The trial court ordered monetary discovery sanctions against Cass and struck Cass's affirmative pleadings.[7] Then the trial court severed Cass's stricken causes of action and the order for monetary sanctions into a separate cause of action thus making them final.[8] Cass appealed both the trial court's severance order and the order entering the discovery sanctions. This court first sustained Cass's sixth point of error challenging the severance, then determined that because the severance had been improper, there should have been no final judgment in the case.[9] We therefore decided that we lacked "jurisdiction to consider *the other points of error*."[10] We then misspoke by concluding that it was "necessary for us to dismiss the appeal."[11] By earlier sustaining Cass's sixth point of error and specifically noting that we lacked jurisdiction to consider the "other" points of error, we intended to reverse the case on the severance issue, then find no jurisdiction to address the remaining points of error since the discovery order would become interlocutory upon rejoining the original suit. The case therefore should not have been dismissed for want of jurisdiction in its entirety. To the extent that *Cass* can be read to hold otherwise, we overrule it now.

■ We find, however, that *Cass* and *Nicor* are inapplicable to the facts of this

---

**2.** 911 S.W.2d 479 (Tex.App.—Corpus Christi 1995, writ denied).

**3.** 823 S.W.2d 731 (Tex.App.—El Paso 1992, no writ).

**4.** *Nicor,* 911 S.W.2d at 482.

**5.** *Id.*

**6.** *Cass,* 823 S.W.2d at 734.

**7.** *Id.* at 733.

**8.** *Id.* at 732–33.

**9.** *Id.* at 733–34.

**10.** *Id.* at 734 (emphasis added).

**11.** *Id.* at 734.

case. In both *Cass* and *Nicor*, the appellant was party to a judgment rendered final by its severance from other pending claims. Thus, the *Cass* and *Nicor* appellants appealed from final judgments which had been erroneously severed. In contrast, HBS and its claims were severed from Walton's settled claims against Bass. The severance of HBS's claims rendered the agreed judgment on Walton's claims against Bass final, but HBS's claims remain pending in the severed suit. Thus, HBS is not a party to a final appealable judgment. HBS's avenue for challenging the trial court's order severing its claims from the original suit is by petition for writ of mandamus.[12] We analyze its claims under those well-settled standards.

### STANDARD OF REVIEW

■ Mandamus will lie only to correct a clear abuse of discretion.[13] Moreover, there must be no other adequate remedy at law.[14]

#### 1. Clear abuse of discretion

■ An appellate court rarely interferes with a trial court's exercise of discretion. A clear abuse of discretion warranting correction by mandamus occurs when a court issues a decision which is without basis or guiding principles of law.[15] With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial

court.[16] The relator must therefore establish that the trial court could reasonably have reached only one decision.[17] Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable.[18] With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. A trial court has no "discretion" in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ.[19]

#### 2. No adequate remedy by appeal

■ An appellate court will deny mandamus relief if another remedy, usually appeal, is available and adequate.[20] Mandamus will not issue where there is "a clear and adequate remedy at law, such as a normal appeal."[21] Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies."[22]

### APPLICABLE LAW: SEVERANCE

■ A claim may be properly severed only if: (1) the controversy involves more than one cause of action; (2) the severed

---

**12.** See *In re El Paso County Hosp. Dist.*, 979 S.W.2d 10, 12–13 (Tex.App.—El Paso 1998, orig. proceeding) (petition for writ of mandamus appropriate vehicle for challenge to severance order not resulting from final judgment).

**13.** *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding).

**14.** *Id.*

**15.** See *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985) (orig.proceeding).

**16.** *Walker*, 827 S.W.2d at 839–40.

**17.** *Id.*

**18.** *Id.*

**19.** *Walker*, 827 S.W.2d at 840.

**20.** *Street v. Second Court of Appeals*, 715 S.W.2d 638, 639–40 (Tex.1986) (orig.proceeding).

**21.** *Walker*, 827 S.W.2d at 840 (quoting *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984)).

**22.** *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex.1989) (quoting James Sales, Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas in Appellate Procedure in Texas, Sec. 1.4(1)(b) at 47 [2d Ed.1979]).

claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues.[23] In this case, we find that HBS's severed claims meet all three criteria.

### 1. Controversy Involves More than One Cause of Action

■ The controversy at issue here involves more than one cause of action. Walton claimed environmental damages against Bass. HBS's claims against Walton, on the other hand, are for attorney's fees incurred during HBS's representation of Walton prior to termination. Although HBS claims that it owns an interest in Walton's cause of action against Bass, the record does not support HBS's contention. HBS's petition in intervention for legal fees was based on its June 27, 1995 written agreement with Walton. That agreement initially required Walton to assign and convey an undivided interest in his claims to HBS. Upon termination of the representation, however, the agreement provided that Walton

> [I]mmediately pay the Firm [HBS] the then present value of the Contingent Fee described in subsections (A) and (C) above, plus all Costs then owed to the Firm, plus subsequent legal fees at the rate of $200.00 per hour of billed time, and Costs, if any, necessarily incurred by the Firm to facilitate the transfer of representation to any subsequent law firm and/or for the Firm to withdraw from any litigation.

It is undisputed that Walton terminated HBS's representation. Accordingly, the meaning of the contractual language regarding termination controls the nature of HBS's interest in Walton's cause of action.

■ In the interpretation of contracts, the primary concern of courts is to ascertain and to give effect to the intentions of the parties as expressed in the instrument.[24] This requires the court to examine and consider the entire instrument and reach a decision so that none of the provisions will be rendered meaningless.[25] Further, a contract is to be construed in accordance with its plain language, and it is presumed that the parties intended each clause to have some effect.[26] The court will not strike down any portion of the contract unless there is an irreconcilable conflict.[27]

We would be hard pressed to find the plain language and intent of the termination clause to be anything other than a requirement for Walton, upon termination of HBS, to pay HBS the present value of HBS's interest in Walton's cause of action. Essentially, the clause requires Walton to "buy out" HBS's interest in the cause of action should Walton choose to terminate HBS's services. Thus, the assignment to HBS of an undivided interest in Walton's causes of action did not survive HBS's termination as counsel. Instead, HBS's rights against Walton as of the time of the termination are contractually limited to the "then present value" of the prospective contingent fee HBS would have realized had HBS continued to represent Walton. HBS therefore has a contractual cause of action against Walton that is completely separate from Walton's causes of action against Bass.

### 2. Severed Claim Would be Proper Subject of Lawsuit if Independently Asserted

■ HBS's claims against Walton sound in contract. We find no reason that

---

**23.** *In re El Paso County Hosp. Dist.,* 979 S.W.2d at 12.

**24.** *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983); *Duracon, Inc. v. Price,* 817 S.W.2d 147, 149 (Tex.App.—El Paso 1991, writ denied).

**25.** *Coker,* 650 S.W.2d at 393; *Duracon, Inc.,* 817 S.W.2d at 149.

**26.** *Ogden v. Dickinson State Bank,* 662 S.W.2d 330, 332 (Tex.1983) (opin. on rehearing).

**27.** *Id.*

HBS's contract claim could not be asserted against Walton in an independent suit. HBS raises none.

### 3. Severed Claim not so Interwoven with Remaining Action to Involve Same Facts/Issues

As we have already determined, HBS no longer holds an assigned interest in Walton's claims against Bass. Instead, it holds a separate contractual claim against Walton for its legal fees. Whether HBS is entitled to its contractual fee and the value of that fee, particularly since the fee is in terms of present value at the time of termination, is an issue unrelated to Walton's continued pursuit of his causes of action against Bass. Although the amount of Walton's eventual settlement with Bass may be of evidentiary value to HBS, HBS's quest for its fees is not controlled by the same facts and issues involved in Walton's environmental causes of action against Bass.

### CONCLUSION

Accordingly, we do not find that the trial court abused its discretion in severing HBS's claims from the original suit. We therefore deny mandamus relief.