**Petition Denied in Part; Motion Granted and Order filed July 17, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00532-CV

_____

## IN RE ROBERT PRIMO, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**133rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-68391**

## ORDER

On June 19, 2013, relator Robert Primo filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (Vernon 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Jaclanel McFarland, presiding judge of the 133rd District Court of Harris County to vacate five orders. Relator also filed an emergency motion for temporary relief and stay.

The first order, signed May 22, 2013, is called an "Order and Interlocutory Judgment." It granted a motion for "death penalty" sanctions filed by real party in interest, Scott Rothenberg, in connection with Rothenberg's claim to collect

attorney's fees from Primo.  Primo raised various defenses to the attorney's fees claim and also asserted several counterclaims against Rothenberg.  Among other things, the May 22 Order and Interlocutory Judgment (1) awarded $57,999.63 in fees to Rothenberg; (2) struck Primo's answer and counterclaim; and (3) ordered that "the only matters remaining for decision in this case" are Rothenberg's additional claim for attorney's fees incurred in collecting the $57,999.63, and "the amount of exemplary damages to be awarded to Scott Rothenberg from Robert Primo as a result of Robert Primo's fraud in entering into the October 29, 2012 written agreement without any intent to comply therewith."

The second order, signed May 13, 2013, granted Rothenberg's motion for no-evidence partial summary judgment on Primo's defenses to the attorney's fee claim and his counterclaims against Rothenberg.

The third order, signed June 10, 2013, granted Rothenberg's motion to compel and imposed non-monetary sanctions.  Among other things, this order compelled Primo to disclose information pertaining to his net worth in connection with Rothenberg's claim for exemplary damages.  Based on Primo's refusal to answer deposition questions about his net worth, and on his sanctionable conduct as reflected in the May 22 Order and Interlocutory Judgment, the June 10 order states that "Robert Primo is precluded from presenting evidence or arguments opposing Scott Rothenberg's claims for attorneys' fees to collect attorneys' fees, and for the recovery of exemplary damages."

The fourth order, signed May 9, 2013, denied Primo's motion to compel production of documents.

The fifth order, signed June 10, 2013, is a severance order.  The severed action, which was given an "A" docket number, encompasses "Scott Rothenberg's claims to recover $57,999.63 in attorney's fees due and owing from Robert Primo

to Scott Rothenberg, plus contractually agreed interest and taxable costs of court . . . ." The June 10 order further states: "[T]he only live claims remaining for resolution in the above-captioned and numbered lawsuit (2012-68391) are the amount of attorney's fees to Scott Rothenberg from Robert Primo for handling the prosecution and defense of all claims, demands, and causes of action the above-captioned and numbered lawsuits (2012-68391 and 2012-68391-A), as well as the amount of exemplary damages to Scott Rothenberg from Robert Primo as a result of Robert Primo's fraud in entering into the October 29, 2012 written agreement without any intent to comply therewith." The June 10 severance order directs that certified copies of the May 22 Order and Interlocutory Judgment and the May 13 Order for Interlocutory Summary Judgment be filed in the "A" case.

Primo's motion for temporary relief seeks a stay of the jury trial on Rothenberg's "fees for fees" claim, which currently is set for July 22, 2013. This Court asked for a response to the motion for temporary relief, which has been filed. Among other things, Rothenberg has informed this Court that the claim for exemplary damages has been nonsuited.

Mandamus is warranted to obtain interlocutory review of "death penalty" discovery sanctions when such sanctions are not imposed simultaneously with the rendition of a final, appealable judgment. *See Walker v. Packer,* 827 S.W.2d 833, 843 (Tex.1992); *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 920 (Tex.1991). An adequate remedy by appeal exists for death penalty sanctions that are imposed in conjunction with a final and appealable judgment.

The June 10 order severs Rothenberg's claim for attorney's fees for collecting his fees from his claim to $57,999.63 for attorney's fees for representing Primo. Therefore, on this record, the May 13 Order for Interlocutory Summary Judgment and the May 22 Order and Interlocutory Judgment now existing in cause

no. 2012-68391-A are final and appealable. Accordingly, we conclude that relator has an adequate remedy by appeal as to the May 13 and May 22 orders now existing in cause no. 2012-68391-A.[1] This determination is subject to reconsideration if the June 10 severance order ceases to be in effect.

In light of the severance, Rothenberg's "fees for fees" claim now existing in cause no. 2012-68391 is interlocutory.

Relator claims the trial court abused her discretion in signing the June 10 severance order. "A severance order itself is not a final judgment, but it may result in a final judgment." *Allen Parker Co. v. Trustmark Nat. Bank*, 14-11-00027-CV, 2012 WL 8017011 (Tex. App.—Houston [14th Dist.] Feb. 16, 2012, no pet.) (mem. op.). A severance order that does not dispose of all parties and claims is a nonappealable interlocutory order. *Beckham Group, P.C. v. Snyder,* 315 S.W.3d 244 (Tex.App.—Dallas 2010, no pet.). When a party seeks to challenge an interlocutory severance order, mandamus is the appropriate avenue by which to seek review. *In re Liu,* 290 S.W.3d 515, 518 (Tex.App.—Texarkana 2009); *see In re Hoover, Bax & Slovacek, L.L.P.,* 6 S.W.3d 646, 650 & n. 12 (Tex.App.—El Paso 1999, orig. proceeding) (mandamus appropriate vehicle through which to challenge trial court's order severing claims brought within lawsuit). Because mandamus will lie to determine whether the trial court abused its discretion in signing the June 10 severance order, we requested a response to the petition be filed on or before July 19, 2013.

It appears from the facts stated in the petition that Primo's motion for temporary relief requires further consideration and that Primo will be prejudiced

---

[1] Based on the June 10 severance date, any notice of appeal encompassing the May 13 and May 22 orders was due on or before July 10, 2013. This deadline is subject to being extended up to 15 days under Texas Rule of Appellate Procedure 26.3.

unless immediate temporary relief is granted. *See* Tex. R. App. p. 52.8(b), 52.10.

We therefore ORDER that the jury trial set for July 22, 2013, in trial court cause number 2012-68391, styled *Scott Rothenberg v. Robert Primo*, be stayed until final decision by this Court of Primo's petition for writ of mandamus, or until further orders of this Court.

For these reasons, we deny Primo's petition for writ of mandamus in part at this time only as to the final and appealable orders signed on May 13 and May 22. We grant relator's emergency motion for temporary relief and stay of the July 22 trial pending further consideration of the May 9 order denying Primo's motion to compel production of documents; the June 10 severance order; and the June 10 order compelling answers to deposition questions and imposing non-monetary sanctions.


PER CURIAM


Panel consists of Justices Boyce, Jamison, and Busby.