COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
|  | § |  |
| IN RE:   READYONE INDUSTRIES, INC., | § | No. 08-12-00120-CV |
|  | § | AN ORIGINAL PROCEEDING |
|  | § | IN MANDAMUS |
|  | § |  |

## **O P I N I O N**

In this original proceeding, ReadyOne Industries, Inc. seeks mandamus relief from the trial court's order permitting discovery on the arbitrability of an agreement between ReadyOne and its employee, M. Estella Torres ("Torres"), governing work-related injuries.   The narrow issue before this Court is one of first impression.   We are asked to determine whether the Franken Amendment[1] is relevant in determining the arbitrability of a plaintiff's claims in a non-subscriber personal injury case.   Concluding that the Franken Amendment is inapplicable in such a case, we conditionally grant mandamus relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Alleging that she sustained an on-the-job injury, Torres sued ReadyOne for negligence. After filing an answer, ReadyOne moved to compel arbitration pursuant to an agreement requiring that claims of on-the-job injuries be submitted to binding arbitration.   In her response to the motion, Torres asserted, among other bases, that her negligence claims were not arbitrable because

---

[1] Section 8116 of the Department of Defense Appropriations Act of 2010 is known as the Franken Amendment because of its author, Senator Al Franken of "Saturday Night Live" fame.

the Franken Amendment prevents federal contractors from enforcing agreements to arbitrate torts related to or arising out of negligent hiring, supervision, or retention in a personal injury suit.

At the hearing on the motion to compel, Torres argued that allowing limited discovery on the issue of whether the Franken Amendment was applicable would determine the arbitrability of her claims. ReadyOne argued that the Amendment, on its face, was not applicable to torts related to or arising out of negligent hiring, supervision, or retention in a personal injury suit because the Amendment applies only to title VII claims or torts related to or arising out of sexual assault or harassment. After taking the issue under advisement, the trial court ordered discovery concerning the applicability of the Amendment. Specifically, Torres was permitted to discover if ReadyOne has federal contracts in excess of $1 million and if ReadyOne manufactures items commercially available off-the-shelf.

## MANDAMUS

To obtain mandamus relief from the trial court's discovery order, ReadyOne must meet two requirements. ReadyOne must show that the trial court clearly abused its discretion and that it has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). Although the scope of discovery is within the trial court's discretion, the trial court must make an effort to impose reasonable discovery limits. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003). Discovery requests must be reasonably tailored to include only matters relevant to the case. *In re*

2

*Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998). Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible "fishing expeditions." *See CSX Corp.*, 124 S.W.3d at 152. Accordingly, an order that compels production of patently irrelevant matters is an abuse of discretion. *Id.* at 153.

A relator has no adequate remedy by appeal if the appellate court is unable to cure the trial court's discovery error. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex. 1992). This occurs when the trial court erroneously "compels the production of patently irrelevant . . . documents, such that it clearly constitutes harassment or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party." *Id.* In such a situation, mandamus is the proper remedy. *Id.*

## THE FRANKEN AMENDMENT

In a single issue, ReadyOne argues that the trial court erred by ordering discovery regarding the applicability of the Franken Amendment in this case because the Amendment is inapplicable, and even if applicable, does not bar enforcement of the arbitration agreement. ReadyOne thus insists that the trial court abused its discretion by requiring discovery into patently irrelevant matters. We agree.

### *Applicable Law*

Our analysis of whether the Franken Amendment applies in this case turns on a question of statutory construction. A question of statutory construction is a legal one that we review *de novo*. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). When construing statutes, we ascertain and give effect to the legislature's intent. *Id.* We do so by looking first and

3

foremost at the statutory text, reading the words and phrases in context and construing them according to the rules of grammar and common usage. *Id.*; *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006); TEX.GOV'T CODE ANN. § 311.011 (West 2005). Where statutory text is clear, it is determinative of legislative intent unless the plain meaning of the statute's text would produce an absurd result. *Entergy*, 282 S.W.3d at 437.

Several canons of statutory construction are helpful in guiding our analysis. Under the doctrine of *ejusdem generis*, when general words in a statute follow specific examples, the general words are to be restricted in their meaning to a sense analogous to the same kind or class as those expressly mentioned. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003). Likewise, according to the maxim *noscitur a sociis* (associated words), when general and specific words are grouped together in a statute, the general words are limited by the specific and will be construed to embrace only objects similar in nature to those things identified by the specific words. *Id.* Similarly, the last antecedent rule states that a qualifying phrase in a statute must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied. *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 581 (Tex. 2000).

### *Discussion*

### 1. Abuse of Discretion

With these principles in mind, we have scrutinized the Franken Amendment to determine whether personal injury claims related to or arising out of negligent hiring, supervision, or retention fall within its parameters. We conclude that they do not.

In relevant part, the Franken Amendment provides:

(a) None of the funds appropriated or otherwise made available by this Act may be expended for any Federal contract for an amount in excess of $1,000,000 that is

4

awarded more than 60 days after the effective date of this Act, unless the contractor agrees not to:

.                    .                    .

(2) take any action to enforce any provision of an existing agreement with an employee or independent contractor that mandates that the employee or independent contractor resolve through arbitration any claim under title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment, including assault and battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention.

Pub. L. 111-118, § 8116, 123 Stat. 3409, 3454-55 (2009). By regulation, the Amendment "does not apply to the acquisition of commercial items (including commercially available off-the-shelf items)." 48 C.F.R. § 222.7403 (West 2010).

The dispute here centers on the meaning of the clause "any claim under title VII of the Civil Rights Act of 1964 *or* any tort related to or arising out of sexual assault or harassment, *including* assault and battery, intentional infliction of emotional distress, false imprisonment, *or* negligent hiring, supervision, or retention." [Emphasis added]. ReadyOne asserts that "the list of generic torts following 'including' are not additional torts to which the arbitration prohibition would apply," but are "simply a descriptive list of some of the type of torts that could arise out of sexual assault or harassment." Torres, on the other hand, posits that, when read in the disjunctive, the conjunctions "or" serve to identify the types of claims to which the Amendment applies and to cast them as claims independent of each other. Thus, according to Torres, the phrase "or negligent hiring, supervision, or retention" is independent of and does not modify the phrase "any tort related to or arising out of sexual assault or harassment, including . . . ." We disagree.

When identifying the types of claims not subject to arbitration, the Amendment begins by listing title VII claims, followed by the clause "or any tort related to or arising out of sexual assault or harassment," which in turn is followed by the adjectival phrase "including assault and battery,

5

intentional infliction of emotional distress, false imprisonment . . . ."  The concluding phrase "or negligent hiring, supervision, or retention" immediately follows the beginning of the adjectival phrase identifying torts that fall in the class of claims related to or arising out of sexual assault or harassment.  Applying the doctrine of *ejusdem generis* in conjunction with the maxim *noscitur a sociis* and the last antecedent rule, we conclude that the phrase ", or negligent hiring, supervision, or retention" refers only to claims "such like" the class of claims immediately preceding the use of the present participle "including," *i.e.*, torts related to or arising out of sexual assault or harassment.  This is because negligent hiring, negligent supervision, and negligent retention are torts analogous to those expressly mentioned as the type of torts that could arise out of sexual assault or harassment – assault and battery, intentional infliction of emotional distress, and false imprisonment.  Furthermore, because all of these torts are similar in nature, are grouped together, and follow the word "including," which precedes the phrase "any tort related to or arising out of sexual assault or harassment," they qualify the phrase and are therefore confined to it.  Accordingly, the phrase "or negligent hiring, supervision, or retention" was not intended to define a category of claims separate and apart from title VII claims or torts related to or arising out of sexual assault or harassment.

As noted above, Torres argues that because the various types of claims and torts identified in the disputed clause are separated by the disjunctive "or," they should be construed as alternative claims, separate from and independent of one another.  However, the structure and composition of the statutory text belie this argument and compel the conclusion that "negligent hiring, supervision, or retention" are not claims separate from and independent of the other non-arbitrable claims identified in the statute.  If Torres is correct that the phrase "or negligent hiring,

6

supervision, or retention" identifies the third element in a list of three items, then a comma would have been placed between the conjunction "or" separating the phrases "any claim under title VII" and "any tort related to or arising out of sexual assault or harassment" to identify each of the three members in the series. The fact that the conjunction "or" between the phrases identifying title VII claims and sexual assault claims is not separated by a comma indicates that there are no more than two elements identified in the list of claims not subject to arbitration. Indeed, the use of the comma before the conjunction "or" to separate the phrase "assault and battery, intentional infliction of emotional distress, false imprisonment" from "negligent hiring, supervision, or retention" denotes that the drafters of the Amendment used it as a serial comma to identify the disputed phrase as the final item in the list of the torts encompassing sexual assault and harassment. According to the Oxford Style Manual, "[t]he [use of a serial comma] serves . . . to resolve ambiguity, particularly when any of the items *are compound terms joined by a conjunction*." OXFORD STYLE MANUAL, Oxford University Press, 2002, p. 122 [Emphasis added].

Because the Franken Amendment does not apply to personal injury claims related to or arising out of negligent hiring, supervision, or retention, we hold that the trial court abused its discretion by ordering discovery concerning the applicability of the Franken Amendment to the arbitrability of Torres's personal injury claims.

## 2. Inadequate Remedy by Appeal

As established above, Torres seeks documents from ReadyOne to determine if it has federal contracts in excess of $1 million and if it manufactures items commercially available off-the-shelf. This information is targeted to discover if ReadyOne is bound by the requirements

7

of the Franken Amendment.   Justification for the discovery of this information, however, requires that the type of claim alleged by Torres – a negligence claim in a non-subscriber personal injury case – fall within the parameters of the Amendment.   Because this type of claim is not encompassed by the Amendment, the discovery of the information ordered by the trial court is irrelevant and is therefore unduly harassing and burdensome.   Such an error cannot be cured by ordinary appeal.   *See Walker*, 827 S.W.2d at 843.   Accordingly, we hold that ReadyOne has no adequate remedy by appeal.

## CONCLUSION

We conditionally grant ReadyOne's petition for writ of mandamus.   We hereby direct the trial court to vacate its discovery order.   Mandamus will issue only if the trial court fails to act within ten days from the date of this opinion.


December 21, 2012
$\qquad$ CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

8