COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| IN RE | § | No. 08-20-00182-CV |
|---|---|---|
| GTG SOLUTIONS, INC., | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |

## O P I N I O N

Relator GTG Solutions, Inc. ("GTG") filed a petition for writ of mandamus, complaining that the Honorable John L. Pool, judge of the 109th District Court of Winkler County, Texas, erred in severing GTG's alter ego claims against Michael and Mary Rylee. Finding no abuse of discretion, we deny GTG's petition.

## I. FACTUAL BACKGROUND

GTG is in the business of providing septic services at drilling sites. Real Party in Interest, FLX Energy Services, LLC ("FLX"), contracted for some of those services. When a dispute arose over several unpaid invoices, FLX filed a declaratory relief claim to establish the amount of any sums owed. FLX also added a fraud in the inducement claim, contending that GTG represented it would service the contract locally, when it actually did so from a remote location that increased the amount charged.

GTG answered and soon thereafter filed a counterclaim against FLX, asserting its own claims for declaratory relief, breach of contract, quantum meruit, unjust enrichment, breach of fiduciary duty, conversion of trust funds, and fraud.[1] GTG then obtained leave of court to join the owners of FLX, Michael and Mary Rylee, as third-party defendants. GTG's claims against the Rylees are based on an alter ego theory, seeking to hold them individually liable for the counterclaims GTG has asserted against FLX. And in support of its claims, GTG served multiple discovery requests upon FLX, some of which seek information about the business operations and financial records of FLX and its representatives.

FLX and the Rylees filed a motion to sever and abate GTG's alter ego counterclaims against the Rylees, which GTG opposed. Following a hearing, the trial court granted the motion to sever and abate. Thereafter, GTG filed its petition for writ of mandamus claiming that the trial court abused its discretion by granting the motion.

## II. MANDAMUS STANDARD

Mandamus is an extraordinary remedy. *In re The Prudential Ins. Co. of America*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). To obtain mandamus relief, a relator must show that (1) a trial court has clearly abused its discretion, and (2) the relator has no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992).

---

[1] Each of these theories arise from the following two sentence factual allegation from the counterclaim:

> 9. On or about April, 2018, GTG and FLX entered an oral contract whereby GTG would provide septic services on FLX's rental campers at various sites in Reeves and Loving counties.

> 10. GTG has provided all the services under the oral contract but FLX has refused to pay for these services. Specifically, GTG has provided $92,223.64 worth of services for which FLX has failed to pay.

[Cleaned up].

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *Id.* at 840; *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding) (per curiam); *In re ReadyOne Industries, Inc.*, 394 S.W.3d 697, 700 (Tex.App.--El Paso 2012, no pet.). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

The second burden on the relator is to show the lack of an adequate remedy by appeal. *Walker*, 827 S.W.2d at 843. An appellate remedy is not "inadequate" merely because it may involve more expense or delay than obtaining an extraordinary writ. *Id.* at 842.

## III. APPLICABLE LAW

### A. Severance of Claims

We sometimes explain our mandamus standard this way: The question is whether the trial court acted without reference to any guiding rules and principles. *Downer*, 701 S.W.2d at 241-42. When considering the severance of claims, those guiding rules and principles are first found in Rule of Civil Procedure 41 that provides "[a]ny claim against a party may be severed and proceeded with separately." TEX.R.CIV.P. 41. And case law informs that severance is proper when: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of an independently asserted lawsuit; and (3) the severed claim is not so interwoven with the remaining action that the actions involve the same facts and issues. *State v. Morello*, 547 S.W.3d 881, 889 (Tex. 2018). The "controlling reasons" for a severance are to do justice, avoid prejudice, and further convenience. *Guaranty Fed. Sav. Bank v. Horseshoe*

3

*Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). Trial courts have broad discretion in deciding whether to sever claims. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007). But certainly, mandamus is an appropriate vehicle to challenge a severance order granted outside the bounds of that discretion. *In re Hoover, Bax & Slovacek*, 6 S.W.3d 646, 650 & n.12 (Tex.App.--El Paso 1999, orig. proceeding).

## B. Alter Ego Claims

Sometimes referred to as "pierc[ing] the corporate veil," an alter ego claim seeks to disregard a corporate entity and hold the entity's individual owners or officers liable for a claim against the entity. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990). Alter ego "veil-piercing" is only permissible "when there exists such unity between corporation and individual that the corporation ceases to be separate and when holding only the corporation liable would promote injustice." *Id.* Or as more recently articulated by this Court:

> Use of the limited liability company form ordinarily functions to insulate members and managers from personal liability for the LLC's obligations. As applied in this case, alter-ego liability requires a particular relationship between the LLC and an individual member in order to disregard the entity form—the LLC must be organized and operated as a mere tool or business conduit of the individual. Stated differently, alter-ego liability can be imposed only when there is such unity between company and individual that the separateness of the LLC has ceased and holding only the company liable would result in injustice.

*Hawxhurst v. Austin's Boat Tours*, No. 08-19-00257-CV, 2020 WL 5094673, at *7 (Tex.App.--El Paso Aug. 28, 2020, no pet.) (mem. op.) (footnotes omitted), *citing* TEX.BUS.ORGS.CODE ANN. § 101.114 and *SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 456 & n.57 (Tex. 2008).

## IV. DISCUSSION

GTG's mandamus petition focuses on the third element of severability--whether the severed claim is interwoven with the remaining action such that both actions involve the same

4

facts and issues. It argues that FLX and the Rylees did not meet that element because the claims arise out of one set of operative facts. On the other hand, FLX and the Rylees contend that GTG's alter ego claims involve separate and distinct facts and issues. We agree that the trial court did not abuse its discretion in siding with FLX and the Rylees on this question.

GTG's counterclaim against FLX alleges contractual, quasi-contractual, and extra-contractual causes of action arising from the non-payment of invoices. By contrast, GTG's alter ego counterclaim against the Rylees consists of allegations that they "are individually liable for the actions of FLX." GTG acknowledged in its briefing below that "[t]he only issue [in the counterclaim against the Rylees] is whether the individual owners and officers are individually liable" for GTG's claims against FLX. Notably, an action to enforce a judgment based on an alter ego theory "does not require relitigation of [the underlying] claim." *Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 434 (Tex. 2015). The only issues in such an action are (1) whether an underlying judgment exists, and (2) whether the corporate entity should be disregarded and the individuals held liable. *Id.*

None of the parties have alleged that there was any oral or written contract between GTG and the Rylees. While GTG's counterclaim against FLX will require evidence of elements such as the existence and terms of the alleged contract, performance and/or breach by both parties, and the amount of damages, its alter ego counterclaim against the Rylees will require evidence of unity between FLX and the Rylees and use of the corporate fiction for an illegitimate purpose. In short, GTG's claim against the Rylees is essentially a matter of post-judgment collectability that is separate and distinct from the underlying merits. If a judgment is rendered in GTG's favor against

5

FLX and FLX pays the judgment, there will be no basis for GTG to proceed with an alter ego claim against the Rylees.[2]

GTG's reply brief raises an additional argument under the second prong of the severance test--whether the severed claim is one that would be the proper subject of an independently asserted lawsuit. GTG asserts that "alter ego cannot be asserted independently." Reply Brief at p 4-5. While this argument was not raised in the trial court, nor GTG's mandamus petition, we choose to address it.[3]

Contrary to GTG's claim, a judgment creditor may pursue a third party under an alter ego theory after the judgment creditor's attempts to collect an underlying judgment against the principal debtor have proven unsuccessful. A judgment creditor did just that in *Matthews Constr. Co. v. Rosen*, when it filed a separate suit asserting alter ego liability against a judgment debtor's president and sole shareholder. 796 S.W.2d 692, 693 (Tex. 1990). The court concluded that the statute of limitations on the alter ego claim was tolled during the pendency of the underlying suit to establish the debt, which necessarily presupposes that a second suit was proper. *Id.*; *see also In re Trammel*, 246 S.W.3d 815, 822-23 (Tex.App.--Dallas 2008, orig. proceeding) ("Often, a plaintiff files suit against a director or officer, seeking to hold that director or officer personally liable for a corporate debt pursuant to section 171.255, after the entry of a judgment against the corporation."); *McCarroll v. My Sentinel, LLC*, No. 14-08-01171-CV, 2009 WL 4667403, at *2 (Tex.App.--Houston [14th Dist.] Dec. 10, 2009, no pet.) (mem. op.) (res judicata did not bar second

---

[2] This also answers GTG's corollary arguments that the severance undermines judicial economy. GTG fears that two suits will impose twice the logistical and resource burdens on the parties and courts. But if GTG obtains a judgment, and if FLX satisfies the judgment, the need for the second suit disappears. By the same token, if GTG fails in obtaining a judgment, then the parties will not need to waste time and effort to litigate the alter ego claim. Nothing in the record tells us which way this coin toss will land.

[3] Generally, a party may not present an argument for the first time in a reply brief. *E.g.*, *Fox v. City of El Paso*, 292 S.W.3d 249, 251 (Tex.App.--El Paso 2009, pet. denied).

suit against directors and officers to collect on a judgment previously obtained against corporation-debtor); *Peterson, Goldman & Villani, Inc. v. Ancor Holdings, LP*, 584 S.W.3d 556, 560 (Tex.App.--Fort Worth 2019, pet. denied) (same). So, while courts have sometimes stated that the mere fact that a corporation operates as an alter ego does not give rise to a separate and independent cause of action, a party may assert an alter ego theory against a third party in a second suit to collect a judgment. *See Rosen*, 796 S.W.2d at 692 n.1.

Accordingly, the record here satisfies each of the three elements needed for severance. The trial court did not abuse its discretion in severing the alter ego claim from the underlying litigation between GTG and FTX.[4]

## V. Conclusion

The trial court's severance and abatement order is upheld.

JEFF ALLEY, Justice

August 25, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

---

[4] The order below both severed and abated the alter ego claims. GTG does not separately address or brief the abatement portion of the order. Consequently, we uphold that portion of the order as well.