ACCEPTED
01-14-00104-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/12/2015 6:15:45 PM
CHRISTOPHER PRINE
CLERK

# IN THE COURT OF APPEALS
## FIRST DISTRICT OF TEXAS AT HOUSTON

_____

NO. 01-14-00104-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
6/12/2015 6:15:45 PM
CHRISTOPHER A. PRINE
~~Clerk~~

_____

WHITE LION HOLDINGS, L.L.C.

Appellant

vs.

THE STATE OF TEXAS

Appellee

_____

On Appeal from
The 98th District Court of Travis County, Texas
Trial Court No. D-1-GV-06-000627 and D-1-GV-13-001068

_____

## APPELLANT'S AMENDED MOTION FOR PANEL REHEARING

Jacqueline Lucci Smith
TBA #: 00786073
LUCCI SMITH LAW PLLC
10575 Katy Freeway, Suite 470
Houston, Texas 77024
Tel.: 832-494-1700
Fax: 832-494- 1426
Email: JLS@LucciSmithLaw.com

Joan Lucci Bain
TBA #: 01548020
BAIN & BAIN PLLC
10575 Katy Freeway, Suite 405
Houston, Texas 77024
Tel.: 713-629-6222
Fax: 713-629-6226
JBain@BainandBainlaw.net

## ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................................................. i

TABLE OF AUTHORITIES ...................................................................................... ii

APPENDIX TABLE OF CONTENTS ..................................................................... iv

STATEMENT REGARDING RECORD REFERENCES ...................................... vii

STATEMENT OF THE CASE ................................................................................. 1

ARGUMENT AND AUTHORITIES ....................................................................... 3

A.    Rehearing Should be Granted Because This Court Lacked Jurisdiction to Consider the Merits Due to an Invalid Severance in the Court Below ............................................................................................................ 3

B.    The State's Pleadings Clearly Demonstrate It Seeks to Hold Morello Liable Exclusively on His Status of Sole Member of the LLC. ..................... 4

C.    The Severance Order Is Invalid Because It Severs a Single Cause of Action into Separate Claims ................................................................................ 6

D.    The Severance Is Invalid Because The State's Claims Against White Lion Are Inextricably Intertwined With Its Claims Against Morello ............. 7

E.    The Invalid Severance Requires Dismissal or Remand ................................. 9

F.    Improper Severance in This Case Results in Denial of Due Process and an Excessive Fine in Violation of the Texas and United States Constitutions ................................................................................................. 11

G.    A Double Recovery for the Same Conduct Constitutes An Excessive Fine ................................................................................................................ 12

PRAYER ................................................................................................................. 19

# TABLE OF AUTHORITIES

**Cases**

*Dalisa, Inc. v. Bradford,*
   81 S.W.3d 876 (Tex.App. – Austin 2002) ................................................. 6, 10, 11

*FFP Operating Partners LP v. Duenez,*
   237 S.W. 3d 680 (Tex. 2007) ............................................................. 6, 7, 9, 14

*Guar. Fed. Savs. Bank* v. *Horseshoe Operating Co.*,
   793 S.W.2d 652, 658-659 (Tex. 1990) ...................................................... 6, 7, 8

*In Re Henry*; *Henry v. Masson*,
   388 S.W.3d 719 (Tex. App. – Houston [1st Dist.] 2012 .......................................11

*In Re Stonebridge Ins. Co.*,
   279 S.W. 3d 360 (Tex. App. – Austin 2008) ...................................................11

*Jones v. America Flood Research Inc.*,
   153 S.W.3d 718 (Tex. App. – Dallas, 2005) ................................................. 9, 10

*Jones v. Ray*,
   886 S.W.2d 817 (Tex. App. – Houston [1st Dist.] 1994 .............................. 8, 10

*Nicor Exploration Co. v. Florida Gas Transmission Co.*,
   911 S.W.2d 479 (Tex. App. – Corpus Christi 1995). ...........................................7

*Owens-Corning Fiberglas Corp. v. Malone,*
   972 S.W.2d 35 (Tex.1998) ...................................................................13

*Pennington v. Singleton,*
   606 S.W.2d 682 (Tex. 1980) ............................................................. 12, 13

*R. Communications Inc. v. Sharp*,
   875 S.W.2d 314 (Tex. 1994) .................................................................13

*Roberts v. Haltom,*
   543 S.W.2d 75, 80 (Tex. 1976) ..............................................................15

*St. Louis, Iron Mountain & S. Ry. Co. v. Williams,*
   251 U.S. 63, 40 S.Ct. 71 (1919) .............................................................13

*Stroud v VBFSB Holding Corporation*,
917 S.W.2d 75 (Tex. App. – San Antonio 1996) ...................................................14

*Stroud v. VBFSB Holdings*,
901 S.W.2d 657 (Tex. App.—San Antonio, 1995) ...............................................10

*Texas Dep't of Transportation v. A.P.I. Pipe and Supply, LLC*,
397 S.W.3rd 162 (Tex. 2013) ...............................................................................16

*Womack v. Berry,*
156 Tex. 44, 291 S.W.2d 677 (1956) ......................................................................6

**Statutes**

TEX. WATER CODE § 7.101 ..........................................................................................14

**Rules**

TEX. R. APP. P. 41.3. .................................................................................................10

TEX. R. Civ. P. 41 .......................................................................................................7

**Constitutional Provisions**

TEX. CONST. ART. I, § 13 ...................................................................................... 11, 13

iii

# APPENDIX TABLE OF CONTENTS

**Appendix 1:** State of Texas' Motion for Summary Judgment against Bernard Morello in Cause No. D-1-GV-06-000627 in the 353rd District Court of Travis County, Texas, with Exhibits A-U.

Exhibit A: Real Estate Purchase Agreement by and Between Vision Metals, Inc. and Bernard Morello, dated February 27, 2004, as amended by First Amendment to Real Estate Purchase Agreement, dated March 30, 2004, Bates Nos. 581-611 ("Real Estate Agreement").

Exhibit B: Articles of Organization for White Lion Holdings L.L.C., dated April 2, 2004 and Change of Registered Agent/Office, White Lion Holdings, L.L.C., dated May 11, 2005 ("White Lion Articles").

Exhibit C: Excerpts from the Deposition of Bernard Morello, September 19, 2014, in this matter, Cause No. D-1-GV-06-000627 ("Morello Deposition 9-19-14").

Exhibit D: Assignment of Real Estate Purchase Agreement, dated April 5, 2004, Bates No. 756 ("Assignment").

Exhibit E: Special Warranty Deed, Transferring four tracts of real property to White Lion Holdings, L.L.C., filed and recorded April 12, 2004 ("Deed").

Exhibit F: Affidavit of Eleanor Wehner TCEQ, dated October 31, 2014, with Exhibit ("Wehner Affidavit").
Exhibit F-1: Semi-Annual Compliance Plan Report, Vision Metals-Gulf States Tube Division, dated January 8, 2004.

Exhibit G: Permit for Industrial Solid·waste Management Site, Docket No. 1999-1208-IHW, Permit No.HW-50129-001, Bates Nos. 501-530 ("Permit").

Exhibit H: Compliance Plan for Industrial Solid Waste Management Site, Compliance Plan No. CP-50129, Docket 1999-1208-IHW, Bates Nos. 538-569. ("Compliance Plan").

Exhibit I: Compliance Plan Application, dated May 18, 2004 ("Compliance Plan Application").

Exhibit J: Excerpts from the Deposition of Bernard Morello, September 28, 2007, in *White Lion Holdings, L.L.C. v. Sharon Tube Corp. et al.,* Cause No. 05-CV-146366 ("Morello Deposition 9-28-07").

Exhibit K: TCEQ, Transmittal of Class I Permit and Compliance Plan Modification, Transfer of Permit and Compliance Plan to White Lion Holdings, L.L.C., dated July 23, 2004, Bates Nos. 621-622, and Permit

and Compliance Plan Modification sheets ("Permit and Compliance Plan Transfer Approval").

Exhibit L:    Letter from Bernard Morello/White Lion to the TCEQ, dated July 29, 2004, Bates Nos. 624-625 ("7-29-04 Morello Correspondence").

Exhibit M:    Letter from the U.S. Environmental Protection Agency, Region 6 to Bernard Morello/White Lion, dated April 16, 2007 ("4-16-07 EPA Correspondence").

Exhibit N:    Letter from the TCEQ to Bernard Morello/White Lion, dated September 20, 2004, Bates Nos. 626-627 ("9-20-04 TCEQ Correspondence").

Exhibit O:    Letter from the TCEQ to Bernard Morello/White Lion, dated October 14, 2004, Bates Nos. 634-635 ("10-14-04 TCEQ Correspondence").

Exhibit P:    Notice of Violation from the TCEQ to Bernard Morello/White Lion, dated October 7, 2004, Bates Nos. 630-632 ("10-07-04 TCEQ Notice of Violation").

Exhibit Q:    Notice of Violation from the TCEQ to Bernard Morello\White Lion, dated December 14, 2004, Bates Nos. 828-831 ("10-07-04 TCEQ Notice of Violation").

Exhibit R:    Affidavit of Elija Gandee, TCEQ dated November 3, 2014, with Exhibits ("Gandee Affidavit").
Exhibit R-1: Site Inspection Photographs taken January 4, 2008.
Exhibit R-2: Site Inspection Photographs, taken July 29, 2013.

Exhibit S:    Accord Commercial Insurance Application, dated April 2, 2004 (this document was produced and filed as Exhibit 14-1 of White Lion's Response to the State's Motion for Summary Judgment as to White Lion) ("Insurance Application").

Exhibit T:    Excerpts from the Deposition of Bernard Morello, February 2, 2007, in *White Lion Holdings, L.L.C. v. Yoder Machinery Sale, Inc. et al.,* Cause No. 05-CV-146269 ("Morello Deposition 2-02-07").

Exhibit U:    Affidavit of Anthony W. Benedict, Office of the Attorney General, dated November 21, 2014 ("Benedict Affidavit").

**Appendix 2:**  Morello's Response to Motion for Summary Judgment in Cause No. D-1-GV-06-000627 in the 353rd District Court of Travis County, Texas, with Exhibits A-K.

Exhibit A:    Deposition Testimony of Bernard Morello, taken on September 19, 2014

Exhibit B:    Compliance Plan

Exhibit C:    Real Estate Purchase Agreement dated February 27, 2004

Exhibit D:   Assignment of Real Estate Purchase Agreement
Exhibit E:   Specialty Deed
Exhibit F:   Application for Transfer of Compliance Plan
Exhibit G:   Notices of Enforcement sent to White Lion Holdings, LLC
Exhibit H:   Affidavit of David H. Heslep
Exhibit I:   Affidavit of Wayne H. Crouch
Exhibit J:   Final Judgments
Exhibit K:   Documents Related to Financial Assurance


**Appendix 3:**   Order Granting Final Summary Judgment against Morello in Cause No. D-1-GV-06-000627 in the 353rd District Court of Travis County, Texas.


**Appendix 4:**   Morello's Motion for New Trial in Cause No. D-1-GV-06-000627 in the 353rd District Court of Travis County, Texas, with Exhibits A-K.

Exhibit A:   Deposition Testimony of Bernard Morello, taken on September 19, 2014
Exhibit B:   Compliance Plan
Exhibit C:   Real Estate Purchase Agreement dated February 27, 2004
Exhibit D:   Assignment of Real Estate Purchase Agreement
Exhibit E:   Special Warranty Deed
Exhibit F:   Affidavit of David H. Heslop
Exhibit G:   Reporter's Record dated February 19, 2015 Summary Judgment Hearing
Exhibit H:   Affidavit of Bernard Morello
Exhibit I:   Final Summary Judgment, Permanent Injunction and Order of Severance
Exhibit J:   March 9, 2015 Letter from 98th District Court granting State's Motion for Summary Judgment
Exhibit K:   Admitting Affidavits of David H. Heslop and Wayne H. Crouch

# STATEMENT REGARDING RECORD REFERENCES

Record references in this brief will be made as follows:

1.    13-821-CV 010314 RR Vol 1 of 1 .............................................................. RR

2.    CR (1 of 1) FLD072414 ........................................................................ CR

3.    CR SUPP (1 of 1) FLD 111914 ............................................................ CRS

4.    CRS (1 of 1) FLD121114 .................................................................... CR2

5.    Appendix 1:   State of Texas Motion for Summary Judgment against Bernard Morello in Cause No. D-1-GV-06-000627 in the 353rd District Court of Travis County, Texas. ...................................... Appx. 1

6.    Appendix 2:   Morello's Response to Motion for Summary Judgment with Exhibits A-K in Cause No. D-1-GV-06-000627 in the 353rd District Court of Travis County, Texas ........................... Appx. 2

7.    Appendix 3:   Order Granting Final Summary Judgment against Morello in Cause No. D-1-GV-06-000627 in the 353rd District Court of Travis County, Texas .......................................................... Appx. 3

8.    Appendix 4:   Morello's Motion for New Trial with Exhibits A-K in Cause No. D-1-GV-06-000627 in the 353rd District Court of Travis County, Texas ................................................... Appx. 4

**TO THE HONORABLE JUSTICES RADACK, BROWN AND LLOYD:**

Subject to and without waiving its rights to further appeal this Court's decision, Appellant, White Lion Holdings, LLC moves for rehearing of this Court's panel opinion issued April 9, 2015 on two separate and independent grounds:

1.    The court below improperly severed White Lion from identical claims asserted against Morello, individually, resulting in a windfall for the state in a double recovery, exorbitant litigation costs, confusing liability issues and potentially inconsistent court rulings and findings. The void severance deprives this Court of jurisdiction to consider the merits of the appeal and requires the appeal be dismissed and the cases rejoined in the trial court.

2.    This Court failed to consider the affirmative defenses pled by White Lion and presented in its response: specifically, the State is not entitled to the most, if not all of the penalties because it 1) failed to mitigate its damages, and 2) waived its right to penalties due to its unreasonable delay, resulting in the denial of White Lion's right to due process of law.

## STATEMENT OF THE CASE

This case is an enforcement proceeding, not an environmental tort. While employees have been held responsible for their own environmental torts, no court has held employees liable for the company's breach of an agreement or statutory compliance failures. Reconsideration is appropriate to address this issue of first impression which is of exceptional importance to Texas law and requires analysis of conflicting authorities concerning invalid severance, ultimately impacting this Court's jurisdiction.

1

White Lion is a limited liability company ("LLC") and Morello is its sole member. Subsequent to briefing in this appeal, the State sought summary judgment against Morello individually on the sole basis of his status as a member of the LLC. (Appx. 1, State MSJ p. 29). Specifically, this Court must determine whether the State may use severance to split a single statutory violation into duplicate claims against both an LLC and its sole member in order to recover duplicate statutory fines against both. The court below did just that. The first summary judgment at issue in this appeal awarded statutory fines against White Lion for violating a Compliance Plan with the Texas Commission on Environmental Quality (TCEQ). At the State's request, the trial court severed White Lion from the original proceeding in its final summary judgment order. This Court's panel did not address the double jeopardy by severance issue because at the time of briefing the State had not filed its second motion in the trial court. The panel denied oral argument, so there was no opportunity for White Lion to apprise the Court of the developments in the underlying case. Further, because the State's pleadings in the original case referred to White Lion and Morello jointly in all allegations, White Lion did not anticipate that the State would seek duplicate recovery.

After briefing was completed in this appeal, the State moved for summary judgment in the trial court against Morello, individually. (Appx. 1, State MSJ). The State sought and was granted a judgment against Morello for the same violations and

2

based on the identical evidence, despite the fact that Morello has never owned the Property or been a party to the Compliance Plan. The State now holds two judgments in separate cases for the same violation – one against White Lion and the other against its manager, Morello – a result that forces examination of the validity of the severance order and this Court's jurisdiction over this appeal.

There is a split of authority among the courts on the effect of an invalid severance. Since this case was transferred from the Austin Court of Appeals, this Court must apply the precedent of the Austin Court in considering the issue and the impact on this appeal; i.e., whether to dismiss this appeal for want of jurisdiction and remand for rejoinder with the original case or address the merits of the appeal.

## ARGUMENT AND AUTHORITIES

A. **REHEARING SHOULD BE GRANTED BECAUSE THIS COURT LACKED JURISDICTION TO CONSIDER THE MERITS DUE TO AN INVALID SEVERANCE IN THE COURT BELOW**

This panel was deprived of the ability to address an issue of great import to Texas because the issue did not manifest until after all briefing herein was completed. Reconsideration is appropriate to address this issue of first impression which is of exceptional importance to procedural and substantive law and requires analysis of conflicting authorities concerning this Court's jurisdiction. Specifically, this Court must determine whether the State may use severance to create a windfall by splitting a single act into duplicate claims against an LLC and its sole member.

3

Once the State obtained summary judgment against White Lion for violating a Compliance Plan with the TCEQ, at the State's request, the trial court severed White Lion from the original proceeding in its final summary judgment order (CR 549-554, 629). When this appeal ensued, the State waited until all briefing was completed in this Court before asserting the identical claims and using the identical evidence against Morello, individually, to secure a second summary judgment for the same acts.

### B. THE STATE'S PLEADINGS CLEARLY DEMONSTRATE IT SEEKS TO HOLD MORELLO LIABLE EXCLUSIVELY ON HIS STATUS OF SOLE MEMBER OF THE LLC.

The State's suit against White Lion consisted of two claims: 1) it failed to comply with CP-50129, a violation of Texas Water Code §7.102, and 2) it failed to acquire financial assurance in the amount of $574,000 in violation of the Texas Admin. Code. In order to obtain severance, the State represented that its remaining claims against Morello were independent from those that it was asserting against White Lion, stating that "If this Court grants the State's Motion for Summary Judgment, all issues and causes of action against White Lion will be resolved." (Appx. 1, State MSJ p. 24-25). The State failed to disclose to the trial court the jurisdictional limits on severance that applied if the State proceeded against Morello on the identical grounds for recovery, which it later did. Without discussion, the trial

4

court's summary judgment order severed White Lion from the original case. (CR 549-554, 629).

Notably, the State waited until after White Lion's issues in this appeal were defined by its initial briefing before filing its motion for summary judgment against Morello individually. In that Motion, the State asserted the exact same allegations against Morello, imposing liability for the exact same conduct, twice. In fact, the State even argued, "***This is a statutory enforcement action brought against Morello as operator and sole decision maker of White Lion . . . .***" (Appx. 1, State MSJ at p. 29, *emphasis added*).

The State's motion against Morello did not even attempt to assert any independent ground for recovery proving that the State's claims against White Lion were not independent, and that the severance order is invalid. The motion sought to hold Morello individually liable for a second full fine because he is the sole member of White Lion and not because he assumed individual liability for the Compliance Plan or the obligation to provide personal financial assurance. How could it that be?

The State neither pled nor argued that it was seeking liability against Morello by piercing the corporate veil, and it expressly disavowed that the judgment it sought against Morello derived from an independent tort. (Appx. 1, State MSJ). The State openly conceded that it was seeking a second judgment against Morello because "Morello is White Lion." (Appx. 4, Exhibit G, Supp. RR at 10:14). The motion

5

against Morello was presented to the trial court on February 19, 2015. This Court issued its opinion on April 9, 2015, just five days before the trial court entered judgment against Morello individually on April 14, 2015. (Appx. 3.) The judgment against Morello is ***for the same fines that were awarded in the summary judgment against White Lion, at issue in this appeal.***

### C. THE SEVERANCE ORDER IS INVALID BECAUSE IT SEVERS A SINGLE CAUSE OF ACTION INTO SEPARATE CLAIMS

TEX R. CIV. P. 41 states that "[a]ny claim against a party may be severed and proceeded with separately," however a trial court's discretion to sever is not unlimited. *Dalisa*, *Inc. v. Bradford*, 81 S.W. 3d 876, 879 (Tex. App. – Austin, *no pet*). ("Such discretion may not be exercised contrary to legal rules and principles applicable in the particular case." *Id.*, *quoting Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (1956)). Whether a severance is valid is a question of law. *Guar. Fed. Savs. Bank* v. *Horseshoe Operating Co.*, 793 S.W.2d 652, 658-659 (Tex. 1990).

Rule 41does not permit severance of a single cause of action against separate parties. *Dalisa*, *Inc.*, 81 S.W. 3d at 879 (Tex. App. – Austin, no pet) ("[s]everance of a single cause of action into two parts is never proper" … "The reason for the rule lies in the necessity for preventing vexatious and oppressive litigation, and its purpose is accomplished by forbidding the division of a single cause of action so as to maintain several suits when a single suit will suffice.") (*citations omitted*).

6

The controlling reasons to grant a severance are to do justice, avoid prejudice and to further convenience the parties. *FFP Operating Partners LP v. Duenez,* 237 S.W. 3d 680, 693 (Tex. 2007); *Nicor Exploration Co. v. Florida Gas Transmission Co.*, 911 S.W.2d 479, 482 (Tex. App. – Corpus Christi 1995), *writ denied.* As such, severance of a claim is only proper if (1) the controversy involves more than one cause of action; (2) the severed claim is properly the subject of a lawsuit; **and** (3) the severed claim is not so interwoven that it involves the same facts and issues. *FFP Operating Partners LP v. Duenez,* 237 S.W. 3d at 693; *Guar. Fed. Savs. Bank* 793 S.W.2d at 658 (*emphasis added*). If the claim a party seeks to sever does not meet all three prongs, then the claim may not be severed, and to do so amounts to an abuse of discretion. *Nicor Exploration Co.*, 911 S.W.2d at 482 ("By severing [one plaintiff's action from the action of another plaintiff], the trial court effectively severed a party, instead of a cause of action."). Such is the case we have here.

### D. THE SEVERANCE IS INVALID BECAUSE THE STATE'S CLAIMS AGAINST WHITE LION ARE INEXTRICABLY INTERTWINED WITH ITS CLAIMS AGAINST MORELLO

While TEX. R. CIV. P. 41 allows the severance of "actions" or separate "grounds of recovery" that have been improperly joined, the State's motion for summary judgment against Morello makes it apparent that neither situation is present here. Claims in a case are considered interwoven when their severance would result in two or more separate judgments that, taken in the abstract, would either: (1)

7

undercompensate the plaintiff (because the respective juries could each find the other defendant fully liable and thus each award plaintiff nothing), or (2) over compensate the plaintiff (because the respective juries could each find their respective defendant fully liable and enter two verdicts imposing a double recovery).

In situations such as this presenting the prospect of double recovery for the plaintiff or double jeopardy for the defendant, severance is improper because the third *Guaranty Federal* factor cannot be met. *See Jones v. Ray*, 886 S.W.2d 817, 821-822 (Tex. App. – Houston [1st Dist.] 1994, *orig. proceeding*).

By splitting the same ground of recovery into separate actions the State was able to avoid complicated issues of first impression – whether a member of an LLC can be held individually liable for statutory fines based upon acts taken on behalf of the LLC, and if so, how the liability is to be apportioned between the entity and the individual. Exhaustive research failed to identify a single case that allowed a member of an LLC that was not an employee of the LLC to be held liable for statutory fines assessed solely on the basis of his membership in the LLC. It is undisputed in this case that Morello in his individual capacity has never been in the chain of title to the Property or a party to the Compliance Plan. Therefore, it is also undisputed that Morello in his individual capacity had no duty in relation to same.

If in fact liability exists, it is joint and several and as such, the severance order is void because it deprives both defendants of the opportunity to have the court

8

determine whether White Lion, or Morello in his individual capacity, or both were responsible for the alleged violations, and to apportion responsibility between them. *FFP Operating Partners LP v. Duenez, supra*, 237 S.W. 3d at 693-694 (*reversing jury verdict because trial court improperly severed co-defendant preventing apportionment of liability between the defendants*.).

### E. THE INVALID SEVERANCE REQUIRES DISMISSAL OR REMAND

Although there is a conflict among the courts of appeal as to whether an improper severance deprives an appellate court of jurisdiction to consider an appeal, several courts, including the Austin Court and this Court, have held that improper severance deprives the appellate court of jurisdiction. The Dallas Court of Appeals summarized the conflict among the various courts of appeals regarding jurisdiction as follows:

> …we briefly address the propriety of the severance order because of a conflict in the courts of appeal as to whether an improper severance order affects the court's jurisdiction over the appeal. Some courts hold that an improper severance is trial court error and does not deprive the appellate court of jurisdiction to consider the appeal. Other courts have concluded that pretrial discovery and sanction orders are not severable because they cannot stand alone as independent suits and are interwoven with the merits of the main lawsuit. Such orders are not "claims" that may be severed under rule 41 and absent a valid severance, the appellate court lacks jurisdiction. *Id. (citations omitted).*

*Jones v. America Flood Research Inc.*, 153 S.W.3d 718, 722-723 (Tex. App. – Dallas, 2005). Further, nearly every court which has concluded that it has jurisdiction after an improper severance resolves the case by dismissal or remand to

9

remove the severance. The *Jones* Court did the same. *Id.* at 723. Many Courts have found no jurisdiction to hear the appeal. In situations such as the one presented here, where the severance order splits a cause of action, courts almost uniformly dismiss the appeal for lack of jurisdiction. *Dalisa, Inc. v. Bradford,* 81 S.W.3d at 882; *Jones v. Ray*, 886 S.W.2d at 822. In fact, the San Antonio Court has adopted the rule that where the severance order is necessary to make the judgment on appeal final, the case must be dismissed for lack of jurisdiction. *Stroud v. VBFSB Holdings*, 901 S.W.2d 657, 660-661 (Tex. App.—San Antonio, 1995, *no pet.*).

While it is clear that the courts of appeals have struggled with the issue of jurisdiction after improper severance there is no single rule that has emerged to resolve the conflict. The limitations on the length of this motion make it impossible to present a comprehensive analysis of the various approaches, or to reconcile or distinguish each individual case. What is decisive for this Court is the fact that this case was transferred from the Austin Court of Appeals, and this Court is therefore bound to follow the precedent of that Court to resolve the issue. TEX. R. APP. P. 41.3.

The controlling precedent in the Austin Court of Appeals remains *Dalisa, Inc. v. Bradford,* 81 S.W.3d 876 (Tex.App.-Austin 2002, no pet.). *Dalisa* holds that where an otherwise interlocutory judgment is made final by an invalid severance order, the appellate court lacks jurisdiction over the appeal, requiring dismissal of the appeal and remand for rejoinder. *In Re Stonebridge Ins. Co.*, 279 S.W. 3d 360,

10

363 (Tex. App. – Austin 2008, *orig. proceeding*), the Austin court reaffirmed this holding. "Texas trial courts have broad discretion regarding the severance and consolidation of cases-but that discretion is not unlimited. One well-established limitation on that discretion is the single-action rule, or the rule against splitting claims." *See also*, *In Re Henry; Henry v. Masson*, 388 S.W.3d 719, 726 (Tex. App. – Houston [1st Dist.] 2012, *pet. denied*) (relying on *Dalisa* to review the propriety of a severance order for abuse of discretion.). Thus, whereas here, the trial court has split a cause of action through severance in order to make an otherwise interlocutory summary judgment final, the Austin Court of Appeals would find it lacked jurisdiction over the appeal, dismiss the appeal and remand the case to be re-joined to cure the defect. This Court should do the same.

**F.    IMPROPER SEVERANCE IN THIS CASE RESULTS IN DENIAL OF DUE PROCESS AND AN EXCESSIVE FINE IN VIOLATION OF THE TEXAS AND UNITED STATES CONSTITUTIONS**

By obtaining separate judgements, the State was able to avoid its stipulation that it would accept the minimum fine. The state has now recovered fines totalling over $760,494 (more than five times the purchase price of the property). (Appx. 3, CR 614-619). Under these circumstances, severance violates due process and the constitutional protection against excessive fines.

Article I, section 13 of the Texas Constitution provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment

11

inflicted." TEX. CONST. ART. I, § 13. The United States Constitution has the same prohibition. The term "fines" includes civil penalties. *See Pennington v. Singleton,* 606 S.W.2d 682, 690 (Tex. 1980). Generally, prescribing fines is a matter within the discretion of the legislature. There is no question the penalties imposed by the Texas Water Code are punitive and therefore, within the purview of both the Texas and Federal Constitutions' prohibitions against excessive fines.

### G. A DOUBLE RECOVERY FOR THE SAME CONDUCT CONSTITUTES AN EXCESSIVE FINE

There is no precedent for imposing individual duplicate liability against the member of an LLC just because he is the sole member of the LLC. Assuming without conceding that any penalty is justified in this case, the State should be limited to one penalty against the responsible party, whether it be White Lion or Morello. By severing White Lion, the State avoided a finding on a critical issue central to both motions – who is the responsible party? Even if the State could argue that the corporate veil should be pierced (which Morello denies), at most it would have been entitled to joint and several liability, not a double recovery.

In its two judgments, the Court has now awarded over $760,494 in fines against Morello and White Lion after the State stipulated that the civil penalties should only be $50 per day. (Appx. 4, Ex. I). Morello and White Lion have consistently maintained inability to pay the fine and to simultaneously conduct the remediation the state is demanding. Where the amount of a penalty imposed

12

by a State agency is so high that it effectively deprives a citizen of the ability to litigate his defense to such penalty, it is unconstitutional. *See R. Communications Inc. v. Sharp*, 875 S.W.2d 314, (Tex. 1994) (holding that conditioning a taxpayer's right to initiate judicial review on the payment of taxes or the posting of a bond equal to twice the alleged tax obligation violates the open courts mandate of the Texas Bill of Rights. TEX. CONST. ART. I, § 13. "Taxes cannot be raised by means that make meaningless our constitutional guarantees."). While this case does not present an open courts question, it does present an unconstitutional denial of due process and equal protection under state and federal law.

## 1. THE DOUBLE RECOVERY IMPOSED BY THE TWO JUDGMENTS FAILS THE PROPORTIONALITY TEST MAKING THE FINES EXCESSIVE.

Beyond the issue of ability to pay, a fine must be proportionally related to the offense it is designed to deter or punish. The wide latitude the state has in imposing fines is exceeded and denies due process "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable." *Pennington,* 606 S.W.2d at 690 (*quoting St. Louis, Iron Mountain & S. Ry. Co. v. Williams,* 251 U.S. 63, 66-67, 40 S.Ct. 71, 64 L.Ed. 139 (1919)); *see Owens-Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 44-48 (Tex.1998) (due process analysis of punitive damages).

By presenting each motion as a separate case, the State convinced the trial court and this panel that the only issue was whether a violation occurred, and if so

13

the applicable penalty. Even if Morello appeals the judgment against him individually, there will never be an opportunity to address the correct assessment and or apportionment of liability in either case. *See FFP Operating Partners LP v. Duenez, supra*, 237 S.W. 3d at 693-694 (reversing jury verdict because trial court improperly severed co-defendant preventing apportionment of liability.)

White Lion and Morello are now in the impossible position of having to fight the same case on two fronts before two different appellate courts, with neither court having the full record before it. *See Stroud v VBFSB Holding Corporation*, 917 S.W.2d 75, 78 (Tex. App. -- San Antonio 1996, *writ denied*) (recognizing that dismissal of compulsory counterclaims which the Court previously found to be improperly severed, "placed [appellant] in the impossible position of having to perfect a new appeal based on the then-final judgment before this court had issued its dismissal of his first appeal.").

Even worse, the severance prevents either court from having all of the necessary parties before it to adjudicate the issue of first impression; *i.e.*, under what circumstances, if any, an officer or member of an entity may be held individually liable under TEX. WATER CODE § 7.101 or the related issue; what is the appropriate method to apportion the responsibility between them. Further, assuming "White Lion is Morello" as the State so effectively argued, the State's remedy would have been to pierce the corporate veil and obtain joint and several liability against White

14

Lion and Morello, not a double recovery against each defendant. Accordingly, this Court should grant this motion for rehearing, dismiss the appeal for want of jurisdiction, and remand the case to the trial court for rejoinder with the sister case.

I.    **REHEARING SHOULD BE GRANTED BECAUSE MATERIAL ISSUES OF FACT EXIST REGARDING THE AFFIRMATIVE DEFENSES PROPERLY RAISED AND ASSERTED BY WHITE LION WHICH SIGNIFICANTLY IMPACT THE AMOUNT OF THE JUDGMENT**

Material issues of fact exist regarding the amount of the judgment based on the affirmative defenses properly pled and presented by White Lion. (CR 531-533). Specifically, White Lion asserts that the State is estopped from recovering these fines because the State: 1) failed to mitigate its damages by failing to timely file a claim against the Vision Metals insurance policy; and 2) cannot benefit financially from its dilatory conduct which generated a windfall for the state and caused great harm to White Lion resulting in a denial of due process. (CR 532).

The Supreme Court has held that estoppel may apply against the government when two requirements are met. First, the circumstances must demonstrate estoppel is necessary to prevent manifest injustice; and second, no governmental function will be impaired. *Roberts v. Haltom*, 543 S.W.2d 75, 80 (Tex. 1976). While other courts have been hesitant to allow this exception to apply to governmental entities other than municipalities, the Supreme recently recognized that estoppel may apply

15

against the State. *Texas Dep't of Transportation v. A.P.I. Pipe and Supply, LLC*, 397 S.W.3rd 162, 170 (Tex. 2013).

In this case, there is evidence that:

1. TCEQ officials failed to timely file an insurance claim against the existing policy during the 3 years prior to White Lion's ownership when Vision Metals was in default; (Appt. Br. at p. 5).

2. TCEQ officials delayed in filing a claim that would have paid for the restoration of the system and brought the property into compliance at the time White Lion became the owner of the Property;

3. TCEQ 12/10/2004 Investigation Summary did not set forth a specific compliance date and address violations from prior to White Loin's ownership, and thus failed to afford White Lion adequate notice of its obligations and violations. (CR 358-359). Further, all of the notices sent to White Lion after December 2004 stated that the penalties could be limited by the State. (Appx. 2, Ex. G). The absence of compliance dates could have reasonably led White Lion to believe the State approved of its

16

efforts to pursue the EPA program for a modified plan and financial assistance, creating a fact issue as to estoppel.

4.    From 2004 – 2007, the record details extensive efforts by White Lion to work with the TCEQ and the EPA to obtain financial assistance from the EPA and a modification of the overly cumbersome plan which had become impossible for White Lion to adhere.  (CR 363, 365; RR 8-9). The State appeared to be working with White Lion to come up with a new compliance plan, leading White Lion to believe that it had ample time to generate an alternative acceptable to TCEQ.

5.    The State failed to take any action to prosecute this suit between 2006 and 2013, twice passing trial settings, making it reasonable for White Lion to believe that the State was going to continue to work with him towards a modification of the plan. There are no entries on the docket sheet between February 4, 2008 and August 23, 2013.  There were continuous discussions between White Lion's attorneys, the State's attorneys, The TCEQ and The EPA trying to find a solution.  The State left this suit pending for seven years without seeking judgment that would have cut off the damages at significantly lesser amounts.

6. The State took no action at all on the case after the 2011 continuance until July 2013, when a new Assistant AG took over. Within a month the new AG filed a motion for summary judgment. White Lion attempted to respond in a timely manner, but the State's AG even refused the professional courtesy of postponing a summary judgment motion to accommodate opposing counsel's trial schedule and to allow White Lion to retain experts. (CR 641;RR 9-11); and

7. The State interfered with White Lion's efforts to work with the EPA to devise a less cumbersome plan; (Appts. Br. at 7-8, CR 365).

Such delay and tactics arguably misled White Lion to delay corrective measures and continue seeking modification, alternatives and financial assistance. At the very least, the acts and omissions of the State and the delay set forth above create a fact issue as to whether the State should benefit from such dilatory conduct while White Lion is forced into bankruptcy (as was its predecessor, Vision Metals) attempting to pay the fines and cure damage done to the system by third parties over whom it had no control. (CR2 83-87, 102-118; Appx. 4, Exs. A, H.) Furthermore, no governmental function is even implicated, let alone, impaired by a finding of estoppel in this case. TCEQ continues to oversee the White Lion Property and there

18

is new evidence in the underlying case in the trial court which establishes beyond question, the great efforts White Lion has made to better the environmental condition of its property.

## PRAYER

Appellant White Lion Holdings LLC, requests the panel grant this Motion for Panel Rehearing, and upon rehearing, withdraw the April 9, 2015 panel opinion, and dismiss this appeal for lack of jurisdiction. Alternatively, White Lion requests that the Court withdraw the panel opinion, set aside the severance order and remand the case to the trial court for rejoinder with the case below. White Lion prays for such further relief to which it may show itself justly entitled.

Respectfully Submitted,

LUCCI SMITH LAW PLLC


By: /s/ Jacqueline Lucci Smith
Jacqueline Lucci Smith
TBA #: 00786073
10575 Katy Freeway, Suite 470
Houston, Texas 77024
Tel.: 832-494-1700
Fax: 832-494-1426
Email: JLS@LucciSmithLaw.com

19

BAIN & BAIN PLLC

By: /s/ Joan Lucci Bain
Joan Lucci Bain
TBA #: 01548020
10575 Katy Freeway, Suite 405
Houston, Texas 77024
Tel.:  713-629-6222
Fax:  713-629-6226
Email:  JBain@BainandBainlaw.net

## CERTIFICATE OF SERVICE

I certify that a copy of this Motion for Panel Rehearing was served on counsel for the State, Craig Pritzlaff, by email on June 12, 2015.


/s/ *Jacqueline Lucci Smith*
Jacqueline Lucci Smith


## CERTIFICATE OF COMPLIANCE

I certify that the computer program used to prepare this document counted 4015 words in the pertinent parts of the document in accordance with TRAP 9.4(i)(2)(D).


/s/ *Jacqueline Lucci Smith*
Jacqueline Lucci Smith